David F. **BALLY**, Plaintiff,

v.

**NATIONAL COLLEGIATE ATHLETIC ASSOCIATION, Defendant.**

Civ. A. No. 87–2892–K.

United States District Court,
D. Massachusetts.

Feb. 8, 1988.

David C. Casey, Peckham, Lobel, Casey & Tye, Boston, Mass., for plaintiff.

John C. Wyman, Roche, Carens & DeGiacomo, Boston, Mass., for defendant.

### MEMORANDUM AND ORDER

KEETON, District Judge.

Plaintiff filed this action in Suffolk County Superior Court on October 14, 1987 to challenge the drug testing and consent form protocol of the National Collegiate Athletic Association ("NCAA") under the Massachusetts Privacy Act and the State Civil Rights Act. On December 3, 1987, defendant filed a petition for removal to this court (Docket No. 2). Pursuant to 28 U.S.C. § 1447(c), the plaintiff quickly moved to remand the case to state court (Docket No. 5) and submitted a supporting memorandum of law (Docket No. 6). Defendant opposed the motion to remand (Docket No. 7) and requested oral argument. This memorandum responds to these submissions.

Because the issues presented by the motion for remand are clearly presented in the briefs, I conclude that no purpose would be served by oral argument. *Cf.* L.R. 17(d). Therefore, defendant's request for oral argument is denied.

## I.

■ The NCAA asserts one basis for removal—28 U.S.C. § 1441. Section 1441 is the general removal provision, and, under section 1441, an action is removable from state court to federal court by the defendant only if the action might have been brought in federal court originally. *See Merrell Dow Pharmaceuticals v. Thompson,* 478 U.S. 804, 106 S.Ct. 3229, 3232, 92 L.Ed.2d 650 (1986). In other words, removal is proper only where the federal court would have had subject matter jurisdiction over the matter if the plaintiff had filed the action in federal court initially. "The burden of establishing federal jurisdiction rests with the party seeking removal." *Miller v. Grgurich,* 763 F.2d 372, 373 (9th Cir.1985); *see also Wilson v. Republic Iron & Steel,* 257 U.S. 92, 97, 42 S.Ct. 35, 37, 66 L.Ed. 144 (1921).

A district court's decision to remand a case to state court is not reviewable on appeal or otherwise. 28 U.S.C. 1447(d). Therefore, courts should be cautious about remand. Nevertheless, the trend of decisions is that removal statutes will be strictly construed and that doubts should be resolved against removal. *See Butler v. Polk,* 592 F.2d 1293, 1296 (5th Cir.1979) (stating that "it is axiomatic that ambiguities are generally construed against removal"); *Jones v. General Tire & Rubber Co.,* 541 F.2d 660, 664 (7th Cir.1976) (stating that "the case should be remanded if there is doubt as to the right of removal in the first instance"). There are two reasons for this trend. First, a plaintiff's choice of forum should not be denied lightly. Second, major inefficiencies result where a district court's decision that removal was proper is ultimately overturned on appeal after a full trial on the merits.

## II.

Bally's complaint states two claims. The first claim is based on an alleged violation of his right to privacy under the Massachusetts Privacy Act, Mass.Gen.Laws c. 214, § 1B. The Massachusetts Privacy Act is essentially a statutory recognition of the four branches of the common law tort of invasion of privacy. The second claim is based on the State Civil Rights Act, Mass. Gen.Laws c. 12, §§ 11H–I. The Civil Rights Act creates a remedy for interference, by "threats, intimidation or coercion," with a person's rights under federal and state law.

The NCAA argues that removal is proper under section 1441 because federal question jurisdiction exists over Bally's Civil Rights Act claim, in which he alleges interference with his privacy rights secured under the Massachusetts Privacy Act, the Massachusetts Constitution, and the United States Constitution. Specifically, the NCAA maintains that this claim, on its face alleging interference with rights secured by the United States Constitution, "arises under" the Constitution of the United States within the meaning of 28 U.S.C. § 1331.

"The most difficult single problem in determining whether federal jurisdiction exists is deciding when the relation of federal law to a case is such that the action may be said to be one 'arising under' that law." 13B Wright, Miller, & Cooper, *Federal Practice and Procedure: Jurisdiction 2d* § 3562, at 17–18 (1984). In fact, since the first version of section 1331 was enacted over 100 years ago, "the statutory phrase 'arising under the Constitution, laws, or treaties of the United States' has resisted all attempts to frame a single, precise definition for determining which cases fall within, and which cases fall outside, the original jurisdiction of the district courts." *Franchise Tax Bd. v. Laborers Vacation Trust,* 463 U.S. 1, 8, 103 S.Ct. 2841, 2845–2846, 77 L.Ed.2d 420 (1983). Therefore, in determining whether "arising under" jurisdiction exists, a district court is well advised to survey the jurisdictional landscape and identify those decisions that best define the region occupied by the case at bar.

■ Despite the ambiguity surrounding the statutory phrase "arising under," it is beyond dispute that a case arises under federal law where federal law creates the cause of action or the remedy. *See American Well Works v. Layne & Bowler Co.,* 241 U.S. 257, 260, 36 S.Ct. 585, 586, 60

L.Ed. 987 (1916); C. Wright, *Law of Federal Courts* § 17, at 67 (3d ed. 1976). In the case at bar, however, federal law creates neither the cause of action nor the remedy. Jurisdiction exists, if at all, because federal law supplies the substantive *right* for which a remedy exists under the Massachusetts Civil Rights Act. Despite some case authority to the contrary, recent cases relying on *Smith v. Kansas City Title & Trust*, 255 U.S. 180, 41 S.Ct. 243, 65 L.Ed. 577 (1921), have clearly held that such cases may arise under federal law. *See, e.g., Franchise Tax Bd.*, 463 U.S. at 8–9, 103 S.Ct. at 2845–2846.

■ *Kansas City Title* involved a suit to enjoin defendant from investing in certain federal government bonds on the ground that the Act of Congress authorizing the bonds was unconstitutional. The injunctive remedy was supplied by state law, but in order to obtain relief plaintiff necessarily had to prove that the congressional act authorizing the bonds at issue violated the United States Constitution. The Supreme Court held that arising under jurisdiction existed and articulated the following rule:

> [W]here it appears from the bill or statement of the plaintiff that the right to relief depends upon the construction or application of the Constitution or laws of the United States, and that such federal claim is not merely colorable, and rests upon a reasonable foundation, the District Court has jurisdiction under this provision.

255 U.S. at 199, 41 S.Ct. at 245. Thus, under *Kansas City Title*, there is federal jurisdiction where plaintiff (properly) pleads and must prove federal law in order to recover.

### III.

■ Although *Franchise Tax Board* endorsed the jurisdictional rule of *Kansas City Title*, it "did not purport to disturb the long-settled understanding that the mere presence of a federal issue in a state cause of action does not automatically confer federal-question jurisdiction." *Merrell Dow Pharmaceuticals v. Thompson*, 478 U.S. 804, 106 S.Ct. 3229, 3235, 92 L.Ed.2d

650 (1986). Thus, the issue to be decided in the case at bar is whether Bally's reliance on privacy rights secured under the United States Constitution, in addition to privacy rights secured under the constitution and statutes of the Commonwealth, makes this a case where plaintiff has properly plead and must prove federal law in order to recover. I conclude that it is not.

*Kansas City Title* held that federal jurisdiction exists where it appears from the complaint that plaintiff's "right to relief *depends* upon the construction or application of the Constitution ... of the United States." 255 U.S. at 199, 41 S.Ct. at 245 (emphasis added). The plaintiff in *Kansas City Title* was entitled to his state law remedy *only* if he could prove a violation of the federal Constitution. The requirement that plaintiff's claim *depend* upon an issue of federal law is central to the *Kansas City Title* line of cases. For example, the Supreme Court decided in *Franchise Tax Board* that

> Congress has given the lower federal courts jurisdiction to hear, originally or by removal from a state court, only those cases in which a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief *necessarily* depends on resolution of a substantial question of federal law.

463 U.S. at 27–28, 103 S.Ct. at 2856 (emphasis added); *see also San Juan Legal Services, Inc. v. Legal Services Corp.*, 655 F.2d 434, 437 (1st Cir.1981) (stating that "[t]he federal law under which the claim arises must be a direct and essential element of plaintiff's cause of action").

The requirement that plaintiff's claim depend upon an issue of federal law serves the purpose of preventing a federal district court from finding jurisdiction on the basis of a federal issue that ultimately proves irrelevant to the dispute. In this sense the requirement is a corollary of the well-pleaded complaint rule, which holds that federal jurisdiction cannot be based on the mere anticipation of a federal defense. *See Louisville & Nashville R.R. v. Mottley*, 211 U.S. 149, 29 S.Ct. 42, 53 L.Ed. 126

**60**

(1908). Bally's claim fails to meet this jurisdictional requirement.

There is no issue of federal law that is *essential* to Bally's claim. The Massachusetts Civil Rights Act provides a remedy for interference "with the exercise or enjoyment by any [person] of rights secured by the constitution or laws of the United States, or of rights secured by the constitution or laws of the commonwealth." Mass. Gen.Laws c. 12, § 11H. Thus, the statute provides a remedy for interference with rights created by both federal and state law, and Bally has alleged both. On the face of his complaint, it is clear that Bally's claim does not *depend* upon an issue of federal law; therefore, *Kansas City Title* does not apply. This is not, however, the end of the inquiry.

■ *Kansas City Title* held that federal jurisdiction exists where the plaintiff *properly* pleads and must prove federal law in order to recover. A plaintiff cannot manufacture federal jurisdiction by artfully pleading his case so as to make federal law appear prominent. Similarly, a plaintiff who files in state court cannot avoid otherwise proper removal by artfully surrounding federal law issues with frivolous state law issues. Bally, however, is not guilty of artful pleading. It is sufficient to note, without comment on the merits of this action, that in a previous suit based on analogous grounds involving a different defendant, a Suffolk Superior Court ruled that Northeastern University's drug testing and consent form violated Bally's rights under the 4th Amendment of the United States Constitution, Articles I, X, and XIV of the Massachusetts Declaration of Rights, and the Massachusetts Privacy Act. *See Bally v. Northeastern University,* C.A. No. 87–1178, slip op. at 16–26 (Suffolk Cty.Super.Ct. Nov. 30, 1987) (Connolly, J.). There is nothing disingenuous or artful about alleging against a new defendant the same grounds that previously proved successful.

The NCAA presses one further argument. Bally's claims under the Massachusetts Civil Rights Act, it argues, will inevitably be decided "solely in the context of federal constitutional jurisprudence." Op-

position to Plaintiff's Motion to Remand, at 6. In support of its argument, the NCAA observes that Justice Connolly referred only to federal cases in his discussion of the Civil Rights Act claim in *Bally v. Northeastern University.* Defendant's argument is unpersuasive for two reasons.

First, defendant is guilty of its own share of artfulness in stating that the Civil Rights Act claim will be decided in the "context of federal constitutional jurisprudence." Federal jurisdiction exists only where an issue of federal *law* is essential to plaintiff's claim; it does not exist where no more can be shown than that a federal context is relevant to that claim. The Massachusetts Civil Rights Act is unique in that it makes civil rights claims actionable despite the absence of state action. *See Batchelder v. Allied Stores Corp.,* 393 Mass. 819, 473 N.E.2d 1128, 1131 (1985). Thus, the reference in Mass.Gen.Laws c. 12, § 11I to "rights secured by the constitution ... of the United States" has been given an interpretation more aptly described as metaphorical than literal. There is no question that the United States Constitution does *not* "secure" Bally a privacy right vis-a-vis the NCAA because the NCAA is not, on the record before me, a state actor. It would be more apt to say that the Massachusetts Civil Rights Act has adopted, to some degree, a standard of federal law, but federal law provides neither the cause of action, the remedy, nor the substantive right. Therefore, despite the "context of federal constitutional jurisprudence," it is not possible to determine that a federal issue of law is essential to Bally's claim.

The NCAA's argument fails for a second, independent, reason. In addition to Bally's substantive constitutional claims of right, he has pleaded a third substantive right in connection with his Civil Rights Act claim —the right to privacy secured by the Massachusetts Privacy Act. As I noted in Part II, the Privacy Act is essentially a statutory recognition of the common law tort of invasion of privacy. In *Bally v. Northeastern University,* Justice Connolly found the Northeastern drug testing program to vio-

late this Massachusetts statutory right. Because the Civil Rights Act provides a remedy for violation of state statutory rights as well as federal and state constitutional rights, and because Bally has pleaded a plausible state statutory right of privacy, neither of Bally's constitutional claims of right (regardless of their jurisprudential context) is essential to his Civil Rights Act claim. For both of the above reasons, the NCAA's argument is unpersuasive.

### IV.

As I stated in Part I, the trend is to interpret removal statutes narrowly, and the burden is always on the party seeking removal to establish that removal is proper. In the case at bar, the NCAA has articulated only one ground for removal—28 U.S.C. § 1441(b). I conclude that the NCAA has not carried its burden of proving that original federal question jurisdiction exists for plaintiff's claim under the Massachusetts Civil Rights Act. Therefore, plaintiff's motion for remand (Docket No. 5) should be granted. Because the petition for removal was not frivolous and no other grounds are alleged, plaintiff's request for attorneys' fees will be denied. Taxable costs will be allowed, however, because no sound reason has been shown for not adhering to the presumptive provision of Fed.R.Civ.P. 54(d). It will be so ordered.

### FINAL JUDGMENT

For the reasons stated in the Memorandum and Order of this date, it is ORDERED:

This action is remanded to Suffolk Superior Court, from which it was removed. The clerk is directed to send a certified copy of the docket and order of remand, together with the remainder of the original file, to the clerk of the Suffolk Superior Court.

Taxable costs incident to removal and remand are awarded to plaintiff.