Arthur J. **THERRIEN**, Plaintiff,

v.

William A. **HAMILTON**, Warren J. Johnson, Robert Wagner and City of Holyoke, Defendants.

Civ. A. No. 94–30175MAP.

United States District Court, D. Massachusetts.

March 24, 1995.

Gary T. Gentile, Warwick, RI, for Arthur J. Therrien.

Lisa Brodeur–McGan, Brooks, Mulcahy, Sanborn & Williams, Springfield, MA, for William A. Hamilton, Robert Wagner, Warren J. Johnson, and City of Holyoke.

## ORDER REGARDING PLAINTIFF'S MOTION TO REMAND

### (Docket No. 17)

PONSOR, District Judge.

On March 6, 1995 Magistrate Judge Kenneth P. Neiman recommended that the Motion to Remand be denied. No objection having been filed to this Report and Recommendation, it is hereby adopted and the motion is DENIED.

It is So Ordered.

## REPORT AND RECOMMENDATION REGARDING PLAINTIFF'S MOTION TO REMAND

NEIMAN, United States Magistrate Judge.

Plaintiff Arthur J. Therrien has moved to remand this action to the Massachusetts Superior Court of Hampden County pursuant to 28 U.S.C. 1447(c). Plaintiff is a police officer in the City of Holyoke and has been the president of the local police officer's union, Local 388 International Brotherhood of Police Officers, since 1977. Plaintiff brought this suit alleging that the Defendants William A. Hamilton (the Mayor of Holyoke), Warren J. Johnson (the City of Holyoke's attorney), Robert Wagner (Chief of Police of the City of Holyoke), and the City of Holyoke infringed on his right to petition the government for redress of grievances and his right to speak freely. Plaintiff's motion has been referred to the Court for a report and recommendation pursuant to Rule 3 of the Rules for

United States Magistrates in the United States District Court for the District of Massachusetts. 28 U.S.C. § 636(b)(1)(B). For the reasons set forth below, the Court recommends denying Plaintiff's Motion to Remand.

## I. FACTUAL BACKGROUND

Plaintiff initially filed his complaint in the Superior Court, Hampden County, on July 8, 1994. Plaintiff asserted causes of action under the following statutes: (1) 42 U.S.C. § 1983, (2) 42 U.S.C. § 1985, (3) M.G.L. ch. 12, § 11I (the Massachusetts Civil Rights Act), and (4) M.G.L. ch. 212, § 4. On July 15, 1994, Plaintiff amended his complaint to contain only the following causes of action: (1) M.G.L. ch. 12, § 11I, (2) state common law civil conspiracy, and (3) state common law intentional infliction of emotional distress. Defendants removed the action to this Court on July 21, 1994, pursuant to 28 U.S.C. § 1441(b) and (c). Plaintiff is now seeking to remand the matter to the Massachusetts Superior Court pursuant to 28 U.S.C. § 1447(c).

The case before the Court is markedly similar to an earlier case Plaintiff Therrien pursued against the mayor of the City of Holyoke, William A. Hamilton, in Hampden Superior Court on January 24, 1992, alleging violations of 42 U.S.C. § 1983, 42 U.S.C. § 1985, and M.G.L. ch. 12, § 11I. Civil Action No. 92–160. But for the additional defendants, the instant complaint, in its original form, is identical to Plaintiff's previous complaint. Defendant Hamilton also removed this previous complaint to this Court pursuant to 28 U.S.C. § 1441(b) and (c). Civil Action No. 92–30046–F. Plaintiff then moved to amend the Complaint to add three defendants—the City of Holyoke, Warren J. Johnson, and Robert Wagner. The Court, Ponsor, J., denied Plaintiff's Motion to Amend and, on April 19, 1994, granted Defendant Hamilton's Motion for Summary Judgment on all counts. See Therrien v. Hamilton, 849 F.Supp. 110 (D.Mass.1994).[1]

## II. DISCUSSION

■ 28 U.S.C. § 1441(b) allows a defendant to remove a civil action presenting "a claim or right arising under the Constitution, treaties or laws of the United States." The federal courts have interpreted this statutory grant of power narrowly. Merrell Dow Pharmaceuticals Inc. v. Thompson, 478 U.S. 804, 807–808, 106 S.Ct. 3229, 3231–3232, 92 L.Ed.2d 650 (1986). Thus, upon a motion to remand, the burden is upon the removing party to show that federal subject matter jurisdiction exists, that removal was timely, and that removal was proper. Hunter v. Greenwood Trust, 856 F.Supp. 207, 211 (D.N.J.1992). See also Bally v. National Collegiate Athletic Association, 707 F.Supp. 57, 58 (D.Mass.1988). Removal statutes should be strictly construed against removal and doubts resolved in favor of remand. Hunter, supra.

■ The Supreme Court has made clear that, when determining if a case has been properly removed, a court must inquire "whether the plaintiff's claim to relief rests upon a federal right, and the court is to look only to plaintiff's complaint to find the answer". Hernandez–Agosto v. Romero–Barcelo, 748 F.2d 1, 2 (1st Cir.1984) (emphasis in original), citing Gully v. First National Bank, 299 U.S. 109, 112, 57 S.Ct. 96, 97, 81 L.Ed. 70 (1936), Franchise Tax Board v. Construction Laborers Vacation Trust, 463 U.S. 1, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983) and Taylor v. Anderson, 234 U.S. 74, 75–76, 34 S.Ct. 724, 724–725, 58 L.Ed. 1218 (1914). See also Fitzgerald v. Codex Corp., 882 F.2d 586, 587 (1st Cir.1989). The rule has been stated by the Supreme Court as follows:

[W]hether a case is one arising under the Constitution or a law or treaty of the United States, in the sense of the jurisdictional statute ... must be determined from what necessarily appears in the plaintiff's statement of his own claim in the bill or declaration, unaided by anything alleged in an-

---

1. In yet another prior related case, Plaintiff pursued an action in this Court against the Holyoke chief of police, its mayor and the City of Holyoke. This earlier action, Civil Action No. 82–0143–F, was filed on April 8, 1982, and alleged deprivation of Plaintiff's First Amendment right to free speech when the Defendants disciplined and suspended him. On December 6, 1985, the action was dismissed with prejudice.

ticipation of avoidance of defenses which it is thought the defendant may interpose. *Franchise Tax Bd. v. Laborers Vacation Trust, supra* 463 U.S. at 10, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983), quoting *Taylor v. Anderson,* 234 U.S. 74, 75–76, 34 S.Ct. 724, 724–725, 58 L.Ed. 1218 (1914). Thus, not only must the federal controversy "be disclosed on the face of the complaint, unaided by the answer or by the petition for removal," but the complaint itself cannot provide a basis for jurisdiction "insofar as it goes beyond a statement of the plaintiff's cause of action and anticipates or replies to a probable defense." *Gully, supra* 299 U.S. at 113, 57 S.Ct. at 98. Accordingly, this Circuit has required that the "elements of the federal claim appear on the face of the state court complaint, without reference to other documents." *Charles D. Bonanno Linen Service, Inc. v. McCarthy,* 708 F.2d 1, 3 (1st Cir. 1983), *cert. denied,* 464 U.S. 936, 104 S.Ct. 346, 78 L.Ed.2d 312 (1983).

Were this Court faced with Plaintiff's complaint as originally filed in state court, there would be no question that a federal claim was involved. Thus, as originally drafted, Plaintiff's complaint specifically asserted claims arising under 42 U.S.C. §§ 1983 and 1985, in addition to claims arising under Massachusetts Civil Rights Act (M.G.L. ch. 12 § 11I), civil conspiracy and intentional infliction of emotional distress. However, prior to Defendants' removal of the case to this Court, Plaintiff amended his complaint, eliminating his causes of action under 42 U.S.C. §§ 1983 and 1985.

■ An amendment to a complaint *after* removal designed to eliminate the federal claim will not defeat jurisdiction. *Ching v. Mitre Corp.,* 921 F.2d 11, 13 (1st Cir.1990).

See also *Boelens v. Redman Homes, Inc.* 759 F.2d 504, 509 (5th Cir.1985); *Westmoreland Hospital Ass'n v. Blue Cross etc.,* 605 F.2d 119, 123 (3rd Cir.1979); and *Brown v. Eastern States Corp.,* 181 F.2d 26 (4th Cir.1950), *cert. denied* 340 U.S. 864, 71 S.Ct. 88, 95 L.Ed. 631 (1950). In the present action, however, plaintiff specifically amended his complaint *before* removal, although still with the facially obvious intent of eliminating federal jurisdiction. Plaintiff argues that he can affirmatively choose not to assert an available federal right and may rely instead on state law. "[U]ltimately," Plaintiff asserts, "he is the master of his own claim." *Hunter v. Greenwood Trust,* 856 F.Supp. at 213. This Court must, accordingly, view the nature of Plaintiff's claims from the face of the complaint "as it stood at the time the petition for removal was filed." *Ching, supra* at 13.

■ Despite his efforts, Plaintiff's amended complaint did not eliminate any and all reference to federal law. First, paragraphs 16, 17, 19 and 20 specifically refer to protected conduct under the First Amendment to the United States Constitution. Second, Plaintiff's first cause of action, relying on the Massachusetts Civil Rights Act, M.G.L. ch. 12, § 11I, claims that Defendants interfered with the exercise of rights "secured by the Constitution or laws of the United States or of rights secured by the constitution or laws of the commonwealth." At a minimum, such references necessarily keep alive the question of whether Plaintiff's complaint, even as amended, is specifically founded on a claim or right arising under the Constitution or laws of the United States. If it is, this Court has original jurisdiction and the case is therefore properly removable under 28 U.S.C. § 1441(b).[2]

**2.** Despite the surviving remnants of federal law in his amended complaint, Plaintiff asserts that this First Amendment claim, while seemingly present, is not an essential element. In support, Plaintiff refers to a decision of the Massachusetts Labor Relations Commission, dated September 9, 1994, which evidently found that certain conduct of Defendants violated M.G.L. ch. 150E governing public employees labor relations. Plaintiff asserts that a jury could find that a violation of M.G.L. ch. 150E, rather than the First Amendment, formed the basis for liability under the Massachusetts Civil Rights Act, M.G.L. ch. 12 § 11I. In essence, the Plaintiff asserts that the Massachusetts Civil Rights Act not only provides a remedy for violations of his rights under the First Amendment to the United States Constitution, but possibly for violations of his rights under M.G.L. ch. 150E. As the First Circuit pointed out in *Ching, supra* at 13, however, "[i]t is immaterial that, in retrospect, [plaintiff] views his ... claim as surplus." See also *Westmoreland Hospital Ass'n v. Blue Cross etc., supra* at 123. In addition, the Labor Relation's Commission decision was rendered after Plaintiff's Complaint was filed. For the reasons set forth in

As was the case in *Korb v. Raytheon Company*, 707 F.Supp. 63, 66 (D.Mass.1989), the definition of the *original* federal question jurisdiction of the federal courts under 28 U.S.C. § 1441(b) is "at the center of the inquiry in this case". As the court indicated,[3] Woodlock, J., there is

> no "single, precise definition" of that concept; rather, "the phrase 'arising under' masks a welter of issues regarding the interrelation of federal and state authority and the proper management of the federal judicial system."

The application of 28 U.S.C. 1441(b) to a particular cases, Judge Woodlock also noted,

> has accurately been described as "[t]he most difficult single problem in determining whether federal jurisdiction exists [— that of] deciding when the relation of federal law to a case is such that the action may be said to be one 'arising under' that law." 13B C. Wright, A. Miller & E. Cooper, Federal Practice and Procedure § 3562, at 17–18 (2d ed. 1984).

In the instant matter, the Court finds that a federal question arises from the face of Plaintiff's Complaint, despite his efforts to the contrary. Compare *Fitzgerald v. Codex Corp.*, 882 F.2d 586 (1st Cir.1989). However, even were the Court to overlook Plaintiff's citation of the First Amendment in his Complaint, his cause of action under the Massachusetts Civil Rights Act (ch. 12, § 11I), the very statute at issue in *Korb*, implicates a federal claim.

As in the instant case, the plaintiff in *Korb* carefully amended his complaint in an attempt to delete all references to rights of free speech as guaranteed under the federal Constitution. *Korb, supra* at 65. The question left for the court was whether the Massachusetts Civil Rights Act (MCRA) itself nonetheless "implicates in some way the original federal question of jurisdiction of this court." *Id.* at 66. After an analysis focused primarily on the factors set out in *Merrell Dow Pharmaceuticals, Inc. v. Thompson, su-*

pra, the Court concluded that "federal law does *not* create the cause of action under the MCRA, nor does the MCRA implicate a federal cause of action." *Korb, supra* at 68 (emphasis added). The *Korb* court concluded, citing *Bally v. National Collegiate Athletic Association*, 707 F.Supp. 57, 60 (D.Mass.), that "the Massachusetts Civil Rights Act has accepted, to some degree, a standard of federal law, but federal law provides neither the cause of action, the remedy, nor the substantive right." *Korb, supra* at 70. Judge Woodlock, however, limited his decision to facts implicating the MCRA in adjudicating freedom of speech disputes solely between *private* parties, unlike the *public* defendants in the instant case. That distinction is fundamental.

Judge Woodlock did indicate that "Judge Keeton's decision in *Bally* may be read more broadly to suggest that a claim under the Massachusetts Civil Rights Act, *without more*, does not invoke federal question jurisdiction no matter what the context." *Korb, supra* at 70, footnote 6 (emphasis added). But Judge Woodlock's caution in applying his ruling only to a dispute between two private parties was appropriate, particularly given the fact that *Bally*, in this Court's opinion, was also very much dependent on the *private* right of action created by the Massachusetts Civil Rights Act. As Judge Keeton pointed out, with specific reference to the private parties before him, "[t]he Massachusetts Civil Rights Act is unique in that it makes civil rights laws actionable despite the absence of state action." *Bally, supra* at 60, citing *Batchelder v. Allied Stores Corp.*, 393 Mass. 819, 473 N.E.2d 1128, 1131 (1985).

In the Court's view, this private right of action was fundamental to plaintiff Bally's claim against the NCAA. Thus, while the MCRA makes general reference to federal constitutional law, both the right and remedy, in terms of the *private* right of action, are created by Massachusetts law alone. Feder-

---

the Order issued simultaneously with this Report and Recommendation, the Court has allowed Defendants' motion to strike reference to that decision.

**3.** Quoting *Merrell Dow Pharmaceuticals, Inc. v. Thompson*, 478 U.S. 804, 106 S.Ct. 3229, 92

L.Ed.2d 650 (1986), and, in turn, quoting *Franchise Tax Board v. Construction Laborers Vacation Trust*, 463 U.S. 1, 8, 103 S.Ct. 2841, 2845, 77 L.Ed.2d 420 (1983).

al law provided "neither the cause of action, the remedy nor the substantive right." *Bally, supra* at 60. In the pending action, however, federal law does provide the cause of action, not merely the context. Unlike the expanded jurisdiction created by the MCRA against a *private* defendant, the First Amendment claim against a *public* defendant is indistinguishable from an MCRA claim against a *public* defendant. Thus, despite the ambiguities surrounding the phrase "arising under," it is beyond dispute that a case arises under federal law when the cause of action or the remedy is created by federal law. *Bally, supra* at 58. See also *American Well Works v. Layne & Bowler Co.*, 241 U.S. 257, 260, 36 S.Ct. 585, 586, 60 L.Ed. 987 (1916). In sum, federal jurisdiction is appropriate here since federal law supplies the substantive right for which a remedy exists under the MCRA. See *Smith v. Kansas City Title and Trust*, 255 U.S. 180, 41 S.Ct. 243, 65 L.Ed. 577 (1921).

In *Kansas City Title*, as here, the plaintiff had to show a violation of *federal* law in order to obtain the remedy, there injunctive relief, created by *state* law. The Supreme Court held that "arising under" jurisdiction exists:

> [W]here it appears from the bill or statement of the plaintiff that the right to relief depends upon the construction or application of the Constitution or laws of the United States, and that such federal claim is not merely colorable, and rests upon a reasonable foundation, the District Court has jurisdiction under this provision.

*Kansas City Trust, supra* at 199, 41 S.Ct. at 245. As Judge Keeton explained,

> *Kansas City Title* held that federal jurisdiction exists where the plaintiff *properly* pleads and must prove federal law in order to recover. A plaintiff cannot manufacture federal jurisdiction by artfully pleading his case so as to make federal law appear prominent.

*Bally, supra* at 60 (emphasis in original). More importantly for purposes here, Judge Keeton also pointed out that "[s]imilarly, a plaintiff who files in state court cannot avoid otherwise proper removal by artfully surrounding federal law issues with frivolous state law issues." *Id.* Unlike the plaintiff in *Bally,* however, who Judge Keeton found to be neither disingenuous nor guilty of artful pleading, the Plaintiff here has engaged in nothing but artful pleading.

Even were this Court to conclude that federal jurisdiction does not appear on the face of Plaintiff's complaint, which it does not, remand would still be inappropriate because of such artful pleading. Removal is proper "where the real nature of the claim asserted in the complaint is federal, whether or not so characterized by the Plaintiff." *Jones v. General Tire and Rubber Co.*, 541 F.2d 660, 664 (7th Cir.1976). The First Circuit itself has indicated that

> [t]he elements of a federal claim need not be explicitly and comprehensively recited, and there is nothing to prevent a Court from "engag[ing] in a little statutory logic" to deduce elements implicit on the face of the complaint ...

*James v. Bellotti*, 733 F.2d 989, 992 (1st Cir.1984), quoting *Charles D. Bonanno Linen Service, Inc. v. McCarthy*, 708 F.2d 1, 3 (1st Cir.1983) *cert. denied*, 464 U.S. 936, 104 S.Ct. 346, 78 L.Ed.2d 312 (1983). The First Circuit simply cautioned that "the federal claim must nevertheless be substantial and identifiable." *James, supra* at 992. In the current action, the federal claim is both substantial and identifiable, and could by itself warrant relief. See *Gully v. First National Bank*, 299 U.S. at 112, 57 S.Ct. at 97.

In essence, the artful pleading doctrine enables a court to view the underlying nature of a plaintiff's complaint when he has improperly endeavored to defeat removal by pleading what is, in fact, a federal cause of action disguised as a state claim. Indeed, both Judge Woodlock in *Korb* and Judge Keeton in *Bally* engaged in such an analysis. Thus, even were this Court to concede that the Plaintiff's amended complaint is facially void of a federal claim, which it is not, an artful pleading analysis here determines otherwise.

The various stages required in such an analysis were articulated in *Stokes v. Bechtel North Amer. Power Corp.*, 614 F.Supp. 732, 738–9 (N.D.Cal.1985). *See also*

*Hunter v. Greenwood Trust,* 856 F.Supp. 207 (D.N.J.1992). First, courts may find that a federal question exists if it is evident that federal law or the United States Constitution creates the cause of action on the face of the complaint. Second, a federal question is present when the plaintiff's right to relief necessarily depends on the resolution of a substantial question of federal law. Finally, a federal question exists if the plaintiff intended to deny the defendant a right to federal court and drafted the complaint with such a cardinal objective. All elements exist here.

First, as determined above, Plaintiff's amended complaint shows, on its face, that the heart of his claims involve protected speech and alleged state interference with that speech. By alleging that the Defendants have interfered with his Constitutional rights, Plaintiff's amended complaint presents a claim within the ambit of the federal constitution under 42 U.S.C. § 1983. As in *Ziegler v. Howard R. Foley Co.,* 468 F.Supp. 221, 224 (E.D.La.1979), this Court determines that the "heart" of the allegations in Plaintiff's state law claim raises a claim under federal law. Simply put, Plaintiff may not avoid federal court by omitting to plead the necessary federal questions in a complaint. *Franchise Tax Board v. Construction Laborers Vacation Trust, supra* 463 U.S. at 22, 103 S.Ct. at 2852.

Second, as discussed, the First Amendment of the United States Constitution is a necessary element of Plaintiff's claim under M.G.L. ch. 12, § 11I. Plaintiff's argument that Defendants infringed upon his right to speak freely triggers the First Amendment of the United States Constitution. Because Plaintiff's right to relief hinges on the resolution of whether his First Amendment rights were violated, a federal question exists.

Third, and finally, a federal question exists if the plaintiff intended to deny the defen-

dant a right to federal court and drafted the complaint with such an objective. While a court should give great weight to a plaintiff's chosen forum, it should not allow a plaintiff to deny a defendant a federal forum simply by labeling his federal issues as state causes of action. *Stokes, supra* at 736–737. Plaintiff, in the present action, amended his complaint in an obvious effort to deny Defendants their right to a federal forum. In essence, the Court determines that the true nature of Plaintiff's claims are federal despite his characterizations to the contrary. *See Federated Department Stores, Inc., et al. v. Moitie and Floyd R. Brown, etc.,* 452 U.S. 394, 397, 101 S.Ct. 2424, 2427, 69 L.Ed.2d 103 (1981).

Granted, the artful pleading doctrine represents a minor incursion upon Plaintiff's sphere as "master" of the complaint, but the doctrine is necessary to hold pleaders responsible for critical elements of federal law that have been omitted in the complaint. *Stokes, supra* at 736. Removal jurisdiction cannot be avoided simply by casting essentially federal law claims as state law claims. *Christianson, et al. v. Colt Industries Operating Corp.,* 486 U.S. 800, 821, 108 S.Ct. 2166, 2180, 100 L.Ed.2d 811 (1988).[4]

The Court's power to retain jurisdiction should be exercised in light of "judicial economy, convenience, and fairness to the litigants." *Mayor of Philadelphia v. Educational Equality League,* 415 U.S. 605, 627, 94 S.Ct. 1323, 1336, 39 L.Ed.2d 630 (1974), quoting *United Mine Workers v. Gibbs,* 383 U.S. at 726, 86 S.Ct. at 1139. The essence of Plaintiff's claim is Defendants' alleged violation of his rights under the First Amendment to the United States Constitution. See *Therrien v. Hamilton, supra.* In fact, Plaintiff's factual and legal claims against Defendant Hamilton are identical to those asserted previously before this Court, claims which formed the basis of summary judgment

---

4. In addition, pendent jurisdiction over the state claims, to the extent they are independent and viable, is appropriate. "A district court has the *power* to hear state claims linked to a federal claim by a 'common nuclear of operations fact.'" *United Mine Workers v. Gibbs,* 383 U.S. 715, 725, 86 S.Ct. 1130, 1138, 16 L.Ed.2d 218 (1966), quoted in *Pueblo Intern, Inc. v. De Cardo-*

*na,* 725 F.2d 823, 826 (1st Cir.1984). Plaintiff Therrien's state claims, by their very nature, allege violations indistinguishable from those contained in the federal Constitution and in federal statutes. As was the case in *Pueblo Intern, Inc.* 725 F.2d at 826, "[t]he facts necessary to prove a violation of the one are practically the same as those needed to prove a violation of the other."

against Plaintiff. To require Defendant Hamilton to defend himself in state court, while giving Plaintiff another bite at the apple, would fly in the face of judicial economy. Concededly, the Plaintiff now echoes his claims against three new Defendants. Note, however, that these Defendants are parties who, but for this Court's previous denial of Plaintiff's Motion to Amend on procedural grounds, would have been before this Court when summary judgment was granted to co-defendant Hamilton. As was the case in *Pueblo Intern, Inc., supra* at 826, the Court "can find no litigation-related fact that—as a matter of economy, convenience, or fairness—would warrant splitting this litigation into two totally different parts not subject to unified control."

### III. CONCLUSION

This Court finds that Defendants properly removed this case to federal court. Plaintiff's case meets all standards that courts have articulated regarding federal question jurisdiction, overcoming any doubt which might favor remand. Plaintiff's claims arise under the United States Constitution and federal law, as 28 U.S.C. § 1441(b) and (c) define. Plaintiff should not be able to use artful pleading to close off the Defendants' right to a federal forum. For the above reasons, the Court recommends that Plaintiff's motion to remand this action to the Massachusetts Superior Court of Hampden County be denied.[5]

March 6, 1995.

[5]. The parties are advised that under the provisions of Rule 3(b) of the Rules for United States Magistrates in the United States District Court for the District of Massachusetts, any party who objects to these findings and recommendations must file a written objection with the Clerk of this Court **within ten (10) days** of the party's receipt of this Report and Recommendation. The written objection must specifically identify the portion of the proposed findings or recommendations to which objection is made and the basis for such objection. The parties are further advised that failure to comply with this rule shall preclude further appellate review by the Court of Appeals of the District Court order entered pursuant to this Report and Recommendation. *See U.S. v. Valencia–Copete,* 792 F.2d 4, 6 (1st Cir. 1986); *U.S. v. Vega,* 678 F.2d 376, 379 (1st Cir.1982). *See also Thomas v. Arn,* 474 U.S. 140, 154–55, 106 S.Ct. 466, 474–75, 88 L.Ed.2d 435 (1985).