William P. DAVIS, Plaintiff–Appellant,

v.

Matt L. RODRIGUEZ, Superintendent,
Chicago Police Department,
Defendant–Appellee.

No. 96–1091.

United States Court of Appeals,
Seventh Circuit.

Argued Oct. 22, 1996.

Decided Feb. 4, 1997.

Scott Neville, Chicago, IL, James M. Childs, Jr. (argued), Childs, Willis & Associates, Chicago, IL, for William P. Davis.

Mary L. Smith, Lawrence Rosenthal, Mardell Nereim (argued), Benna R. Solomon, Susan S. Sher, Office of Corp. Counsel, App. Div., Chicago, IL, for Matt L. Rodriguez.

Before BAUER, ESCHBACH and COFFEY, Circuit Judges.

COFFEY, Circuit Judge.

William Davis, the Director of News Affairs for the Chicago Police Department ("department"), was indicted by a grand jury in Cook County, Illinois for, among other things, disseminating information pertaining to a pending department investigation of former Congressman Melvin Reynolds. Immediately following the return of the indictment, Davis was discharged from his position as Director of News Affairs for the department. In response, Davis filed suit in federal district court against Matt Rodriguez, the superintendent of the Chicago Police Department. The district court dismissed Davis' suit but granted Davis 28 days leave to amend and refile his complaint, or, in the alternative the case would be dismissed with prejudice. Davis opted not to amend and refile his complaint within 28 days, so Judge

Nordberg's previous order dismissing it with prejudice, by its terms, became final.

Davis subsequently brought an action in state court, seeking relief under the Fourteenth Amendment to the United States Constitution and various sections of the Illinois Constitution. Rodriguez removed Davis' complaint filed with the state court to the federal district court, where it was subsequently dismissed on grounds of res judicata, since it was virtually identical to the suit filed previously in the district court. Davis appeals the district court's granting of the removal of the state court action, arguing that the reference in his complaint to the Fourteenth Amendment was "merely a theory supporting [his] Illinois state constitutional claims and was not essential to the resolution of the case." We affirm.

## I. Background

On October 3, 1994, a Cook County Grand Jury returned a three-count indictment against Davis for official misconduct.[1] His employment was terminated the next day by Rodriguez. On December 15, 1994, Davis filed a complaint in federal district court alleging that his discharge violated his rights to due process and equal protection under the Fourteenth Amendment. The complaint did not allege any state-law violations. On February 27, 1995, the district court dismissed the complaint, and advised Davis in the order of dismissal that he had 28 days to refile an amended complaint, subject to the dismissal order being with prejudice if he failed to file the amended complaint within 28 days. Accordingly, pursuant to the terms of Judge Nordberg's order dismissing the case without prejudice, the dismissal became a dismissal *with* prejudice at that time.[2]

Thereafter, on July 25, 1995, Davis filed another complaint against Superintendent Rodriguez, this time in the Cook County [Illinois] Circuit Court, alleging that his termination violated his federal and state constitutional rights. The very first paragraph of Davis' complaint seeks damages for the

deprivation ... of the constitutional rights and privileges provided and guaranteed ... by and in ... THE CONSTITUTION OF THE UNITED STATES OF AMERICA: FOURTEENTH AMENDMENT: "No state shall make or enforce any law which shall abridge the privilege[s] or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty[,] or property, without due process of law, nor deny to any person within its jurisdiction [the] equal protection of the laws".

Immediately following the aforementioned allegation of Fourteenth Amendment violations (though still contained within the first paragraph of the complaint), Davis alleges transgressions of various sections of the Illinois Constitution. Though subsequent paragraphs in the complaint make reference to a number of alleged constitutional rights and violations, the complaint is unclear as to whether the alleged rights and violations are grounded in the United States or Illinois Constitution.

Defendant Rodriguez, on August 9, 1995, filed a petition in federal district court requesting removal of the case from the state court because the plaintiff alleged federal constitutional claims in the state court complaint. Judge Nordberg granted the petition on December 13, 1995, finding that removal was proper, holding that Davis had alleged federal constitutional questions dealing with violations of the Due Process and Equal Protection Clauses of the Constitution. The district court then granted Rodriguez's motion to dismiss the case as res judicata, because the complaint removed from the state court

---

1. The indictment charged Davis with: (1) disseminating information concerning a pending department investigation to the suspect of that investigation, Congressman Melvin Reynolds; (2) performing an act in excess of his lawful authority to obtain a personal advantage for himself or another; and (3) failing to report to the department information concerning crimes and unlawful conduct of Melvin Reynolds.

2. The record discloses that Davis opted to file an appeal with this court of the district court's dismissal. Davis subsequently withdrew this appeal because of his "desire to pursue his claims and cause of action against the defendant in [state court] under Plaintiff Davis' [alleged state law remedies]." Response to Defendant's Motions for Removal and Dismissal of Plaintiff's Complaint at 4.

was almost identical to the complaint filed previously in the district court which had been dismissed with prejudice.[3] Davis appeals the removal, arguing that his references to the Fourteenth Amendment were merely theories upon which his state constitutional claims rested and were not essential to the resolution of the case.

## II. Discussion

The removal jurisdiction of the federal courts is governed by section 1441(b) of Title 28, which provides in relevant part:

> Any civil action of which the district courts of the United States have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable. . . .

Whether removal from a state court to federal district court pursuant to section 1441(b) was proper "is a question of federal jurisdiction and is subject to de novo review." *Seinfeld v. Austen,* 39 F.3d 761, 763 (7th Cir. 1994). "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar, Inc. v. Williams,* 482 U.S. 386, 392, 107 S.Ct. 2425, 2429, 96 L.Ed.2d 318 (1987) (citation omitted). *Accord Nuclear Engineering Co. v. Scott,* 660 F.2d 241, 249 (7th Cir.1981). Under the well-pleaded complaint rule, it is well-established that the "plaintiff [is] the master of the claim" and may thus "avoid federal jurisdiction by exclusive reliance on state law." *Caterpillar,* 482 U.S. at 392, 107 S.Ct. at 2429. *See also Jones v. General Tire & Rubber Co.,* 541 F.2d 660, 664 (7th Cir.1976) (a plaintiff may "defeat removal to the federal courts by avoiding allegations which provide a basis for the assertion of federal jurisdiction").

■ The very first paragraph of Davis' complaint expressly alleges a violation of rights secured by "THE CONSTITUTION OF THE UNITED STATES OF AMERICA: FOURTEENTH AMENDMENT." Davis contends that he invoked the Fourteenth Amendment rights of due process and equal protection merely as theories to buttress his state constitutional claims, in spite of the fact that in his brief submitted to this court, Davis effectively admits that his complaint alleges *independent* violations of the Fourteenth Amendment by stating that Rodriguez violated both federal and state constitutional provisions. *See* Br. at 1, 2, 4, 12–13, 16, 18, 20.[4] In neither his complaint nor his brief does Davis explain *how* his reliance on the Fourteenth Amendment is merely intended to "support" his state constitutional claims. While a violation of federal law can be an element of a state statutory claim, *see infra,* we refuse to speculate as to how a violation of the Fourteenth Amendment or any other federal *constitutional* provision can be construed as an element of a state *constitutional* claim.

■ Davis also asserts that removal was improper because his claims under the Illinois Constitution could be resolved without reference to his Fourteenth Amendment claims. This is true, but irrelevant. What is germane is "whether the federal district court would have had original jurisdiction of the case had it been filed in that court." *Grubbs v. General Elec. Credit Corp.,* 405 U.S. 699, 702, 92 S.Ct. 1344, 1347, 31 L.Ed.2d 612 (1972); *In re Winn,* 213 U.S. 458, 464, 29 S.Ct. 515, 516, 53 L.Ed. 873 (1909). Davis' Fourteenth Amendment claims were stated on the face of his complaint and thus unmistakably gave the district court jurisdiction pursuant to section 1331 of Title 28, which states that the "district courts shall have original jurisdiction of all civil actions *arising under the Constitution* . . . of the United States" (emphasis added); *see also Caterpillar,* 482 U.S at 392, 107 S.Ct. at 2429.

■ The precedents upon which Davis relies are distinguishable and thus fail to

---

3. Davis is not challenging the district court's dismissal on grounds of res judicata.

4. For example, Davis states on page twelve of his appellate brief that his complaint alleges that

"defendant violated plaintiff's rights (1) under the Fourteenth Amendment of the Constitution of the United States; *and* (2) under Article I, Sections 2; 12; 17; and 18 of the Constitution of the State of Illinois" (emphasis added).

support his argument that removal was improper. In *Nelson v. United Artist Theater Circuit, Inc.*, 835 F.Supp. 844 (E.D.Pa.1993), a petition for removal was denied because the plaintiff's reference to federal law (an allegation that the defendant had violated the Americans with Disabilities Act and the Rehabilitation Act) could not be construed as an independent basis for relief, but rather was only made in "support of" the plaintiff's common law negligence and negligent infliction of emotional distress claims under state law. *Id.* at 846. By contrast, Davis' allegations of Fourteenth Amendment violations do not even "support" his state constitutional claims but stand alone as an independent federal constitutional claim.

In *Bally v. National Collegiate Athletic Ass'n*, 707 F.Supp. 57 (D.Mass.1988), another case in which removal was found to be improper, the plaintiff relied upon state civil rights legislation that provided a remedy against a person who interfered with rights secured under either federal or state law. The plaintiff claimed that the defendant violated privacy rights allegedly guaranteed by the United States Constitution. The district court in *Bally* found that the case properly belonged in state court because "federal law provid[ed] neither the cause of action, the remedy, nor the substantive right" for his state civil rights claim. *Id.* at 60 (Because the defendant was not a state actor, the 14th Amendment was not essential to the plaintiff's claim). The district court stated that reference in the state civil rights act to rights secured by the federal constitution was more "metaphorical than literal." *Id.* Here, Davis' allegations of Fourteenth Amendment violations fail to provide a cause of action, a remedy, or a substantive right *for his state constitutional claims.* Rather, they are completely distinct from, and independent of, his Illinois constitutional claims.

In *Willy v. Coastal Corp.*, 855 F.2d 1160 (5th Cir.1988), the plaintiff alleged a state wrongful discharge claim after he was discharged for allegedly refusing to violate federal environmental and securities laws. Removal was deemed improper in that case because the federal issues were "more collateral than in the forefront." *Id.* at 1171. Davis has not alleged that the federal consti-

tutional violations he alleged in his complaint are "collateral" to state-law causes of action. Rather, the federal constitutional allegations in his complaint are completely independent and "in the forefront" (indeed, the 14th Amendment is prominently mentioned in capital letters at the beginning of the very first paragraph of his complaint).

Finally, in *Jones v. General Tire & Rubber Co.*, 541 F.2d 660 (7th Cir.1976), this circuit held that removal was improper because the plaintiff's claim to an implied contractual right under state law (though based, in part, upon a violation of a collective bargaining agreement governed by federal labor law), did not purport to be grounded upon a violation of the federal Labor Management Relations Act, 29 U.S.C. § 185. Here, Davis has made an independent federal constitutional claim on the face of the complaint. His *state* constitutional claims separately do not, explicitly or implicitly, purport to rest on alleged violations of the federal constitution.

### III. Conclusion

Because Davis' state court complaint alleged a violation of a right arising under the Constitution of the United States, the trial court's granting of the removal of his case to the district court was proper.

AFFIRMED.