**Frank HOOD, Plaintiff**

v.

**CITY OF BOSTON, et al., Defendants.**

**Civ. A. No. 94–10634–REK.**

United States District Court,
D. Massachusetts.

June 28, 1995.

Margaret A. Burnham, Susan J. Goldstein, Burnham, Hines & Dilday, Boston, MA, for Frank Hood.

Kevin S. McDermott, City of Boston Law Dept., Kimberly M. Saillant, Corp. Counsel Law Dept., Boston, MA, for City of Boston, Terrance O'Toole, William J. Feeney, Jr., J. Gallagher and 8 Unknown Police Officers.

## MEMORANDUM AND ORDER

KEETON, District Judge.

Plaintiff, a black male, filed in a state court this civil action against the City of Boston and several police officers, all of whom are white males. Defendants removed to this court (Docket No. 1, filed April 4, 1994). Plaintiff moved to remand (Docket No. 2, filed April 8, 1994). This court stated a willingness to remand if plaintiff would waive all federal law claims over which this court has jurisdiction to provide a remedy under 42 U.S.C. § 1983. The plaintiff declined to file such a waiver, and the court denied the

motion to remand on May 2, 1994 (Docket No. 6).

During jury selection on June 12, 1995, at side bar, plaintiff's counsel called attention to the fact that the jury panel included only one black person. Later in the proceedings, again at side-bar, plaintiff's counsel called attention to defendants' use of one of their peremptory challenges to exclude from the jury the black member of the jury panel. Jury selection was completed on June 12, 1995, but resumption of the trial was delayed while the court completed jury trial in a criminal case.

Before any further proceedings in this case in the presence of the jury, plaintiff filed a motion to strike the jury and renewed his request for remand (Docket No. 42, filed June 13, 1995). After further hearings on these matters on June 16, 19, and 21, 1995, scheduling problems independent of the dispute over the peremptory challenge having arisen, I discharged the jury because of those problems, without objection by any party. Also, during the hearing on June 21, 1995, the plaintiff elected to file a stipulation as follows:

> The plaintiff hereby waives any claims under 42 U.S.C. sec. 1983. The plaintiff acknowledges that unless the plaintiff is able to satisfy the threats, intimidation or coercion elements of section 11H of the Massachusetts Civil Rights Act, plaintiff will not be entitled to recover on the theory of a violation of the Fourth and Fourteenth Amendments of the United States Constitution.

This stipulation having been filed, I conclude, for the reasons stated in this Memorandum and Order, that it is appropriate to dismiss the claims before this court over which it has had jurisdiction by reason of 42 U.S.C. § 1983, and, because all remaining claims are state law claims, remand all those claims to the state court from which this civil action was removed.

## I.

The original complaint, as it was filed in state court, was not made a part of the record in this court until a copy was at-tached, as Exhibit A, to the plaintiff's submission filed June 21, 1995 (Docket No. __).

The amended complaint, filed by plaintiff on December 9, 1994 (after the court had denied plaintiff's first motion to remand), alleges several common law torts.

It also alleges:

38. By engaging in the conduct described herein, the individual defendants interfered by means of threats, intimidation and/or coercion with the plaintiff's exercise and enjoyment of his rights as secured by the United States Constitution and the laws of the Commonwealth, including the right to be free from the use of excessive and unreasonable force, from unreasonable search and seizure, from being subject to arrest without probable cause, from being denied medical attention, from being deprived of liberty without due process of law, and from false imprisonment, all guaranteed by the Fourth and Fourteenth Amendments to the United States Constitution.

39. The individual defendants, therefore, are liable to the plaintiff for violating his civil rights under M.G.L. c. 12, sec. 11H–11I.

Neither the complaint nor the amended complaint makes any reference to 42 U.S.C. § 1983. Nevertheless, both the complaint and the amended complaint allege, *inter alia,* that defendants violated plaintiff's rights under the Fourth and Fourteenth Amendments to the United States Constitution, and seek, *inter alia,* punitive damages for such violations. These allegations are sufficient to state a claim under 42 U.S.C. § 1983 that is within the "original jurisdiction" of this court, as that phrase is used in the removal statute, 28 U.S.C. § 1441(b).

Also, as will be explained more fully below, all claims for punitive damages are without merit as state law claims; if any claims for punitive damages could lead to a judgment for plaintiff, they could do so only as federal claims asserted under 42 U.S.C. § 1983.

The complaint and amended complaint also state claims under M.G.L. c. 12, § 11(I) for alleged violations of the United States Constitution and the Massachusetts Declaration

of Rights. Although plaintiff does not explicitly refer to the Declaration of Rights in the paragraph quoted above, he does allege interference with "rights as secured by the United States Constitution and the laws of the Commonwealth...." I interpret this allegation as referring to the Massachusetts Declaration of Rights, as well as other "laws of the Commonwealth." Moreover, the opening sentence of the complaint and amended complaint describes the action as one to recover damages "for violation of his rights protected by ... the Massachusetts Declaration of Rights...."

## II.

### A.

█ Although the parties disagree whether the claims under M.G.L. c. 12, § 11(I), based on alleged violations of the United States Constitution, arise under federal law for purposes of determining whether removal of these claims was proper, it is undisputed (1) that the claims for punitive damages are of a type over which this court has original jurisdiction, (2) that the claim for punitive damages against the City of Boston must fail as a matter of law, and (3) that, as a matter of law, the only claims for punitive damages that may lie are those that are federal claims against defendants in their individual capacities. Briefly, I explain why.

The law of the Commonwealth, on which plaintiff relies for his state law claims, does not allow for punitive damages for common law torts or for the statutory violations alleged in this case.

Federal law provides no basis for awarding punitive damages against the municipal defendant in this case or against the individual defendants in their official capacities. Under federal law the municipality has absolute immunity from liability under 42 U.S.C. § 1983 for punitive damages. *City of Newport v. Fact Concerts, Inc.,* 453 U.S. 247, 101 S.Ct. 2748, 69 L.Ed.2d 616 (1981). A suit for damages against an individual in his or her official capacity as an officer of a municipality is in legal effect a suit against the municipality, any award being enforceable not against assets of the individual but against the municipality. *Will v. Michigan Dep't of State Police,* 491 U.S. 58, 71, 109 S.Ct. 2304, 2312, 105 L.Ed.2d 45 (1989). Thus, the municipality's immunity applies as well to suits against each of the defendant officers in his official capacity.

### B.

Even though no formal motion was made to the court seeking dismissal of the punitive damages claims, I advised the parties in conference of my conclusion, for the reasons stated above, that it would be appropriate to dismiss *sua sponte* all punitive damages claims except those made against defendants in their individual capacities.

Plaintiff's counsel then, during the conference on June 16, 1995, stipulated to dismissal of all punitive damages claims, and not alone those the court had concluded were without merit as a matter of law.

After further submissions and consultation, the plaintiff on June 21, 1995 filed the additional stipulation quoted above.

### III.

Even after plaintiff's voluntary dismissal on June 16, 1995, of the punitive damages claims, substantial issues concerning original jurisdiction, propriety of removal, and propriety of remand remained for decision.

### A.

Plaintiff has alleged that defendants violated his rights under the Fourth and Fourteenth Amendments to the United States Constitution. Plaintiff maintains, nevertheless, that his allegations of violations of federal constitutional rights, as stated in the complaint and amended complaint, do not state federal claims under 42 U.S.C. § 1983 (over which this court may exercise original jurisdiction) and instead assert only state claims under M.G.L. c. 12, § 11(I).

According to this state statute,

Any person whose exercise or enjoyment of rights secured by the constitution or laws of the United States, or of rights secured by the constitution or laws of the commonwealth, has been interfered with,

or attempted to be interfered with, as described in section 11H, may institute and prosecute in his own name and on his own behalf a civil action for injunctive and other appropriate equitable relief as provided for in said section, including the award of compensatory money damages.

Under § 11(H), incorporated by reference in § 11(I), the interference, or attempted interference with legal rights must occur "by threats, intimidation or coercion." *Bell v. Mazza,* 394 Mass. 176, 474 N.E.2d 1111, 1115 (1985).

Moreover, nowhere in the complaint does plaintiff state that he is invoking 42 U.S.C. § 1983, under which a claim based on allegations of violations of federal constitutional rights may be brought in a federal court.

█ It is a basic principle of adjudication that a plaintiff is master of his or her claim. *The Fair v. Kohler Die & Specialty Co.,* 228 U.S. 22, 25, 33 S.Ct. 410, 411–12, 57 L.Ed. 716 (1913). But it is also a court's responsibility, in considering either the propriety of removal or the propriety of remand, to look beyond the statutory citations in the pleadings to the nature of the claims as they appear on the face of the complaint at the time the petition for removal was filed. *See, e.g., Ching v. Mitre Corp.,* 921 F.2d 11, 13 (1st Cir.1990).

Even though plaintiff in this case may have intended not to state a federal claim, I conclude that plaintiff cannot reasonably be accused of "artful pleading" designed to make what is in fact a federal claim appear not to be.

Nevertheless, removal was proper because it is an inescapable conclusion that allegations of violations of federal constitutional rights, such as are made in the original complaint, are sufficient to state a claim that arises under 42 U.S.C. § 1983 and is therefore within the original jurisdiction of this court for purposes of the removal statute, 28 U.S.C. § 1441(b). Indeed, if plaintiff had filed his complaint originally in federal court, this court would have been required to reject any contention that the court lacked subject matter jurisdiction of the complaint.

## B.

The conclusion that removal was proper is greatly strengthened by the existence of key differences between the federal and state causes of action. The elements of the claims are different. To prove either claim, the law requires a plaintiff to satisfy an element not required for the other claim.

First, to recover under 42 U.S.C. § 1983, one must prove state action as well as violation of a right defined in some other source of federal law. *See Monroe v. Pape,* 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961) (interpreting "under color of law" requirement of § 1983). Under M.G.L. c. 12, § 11(I), a plaintiff may recover damages from a private actor. *See Bell, supra.*

Second, to recover under M.G.L. c. 12, § 11(I), one must prove that constitutional rights were interfered with through threats, intimidation, or coercion. No such element must be proved under 42 U.S.C. § 1983.

In view of these differences between the statutes, if a plaintiff filed in state court a complaint, such as that in this case, and the case was removed to federal court, and then remanded without any modification of the claims alleged, the plaintiff (unless precluded from doing so because of a statement on the record that plaintiff did not intend to make a claim under 42 U.S.C. § 1983) might argue to the state court that his or her claim was under 42 U.S.C. § 1983 as well as M.G.L. c. 12, § 11(I), and that he or she should therefore be able to recover even if a factfinder did not find threats, intimidation, or coercion. Even if the state court could properly decide that plaintiff was precluded from making such a contention, any ambiguity regarding the right to assert the contention would foster confusion about issues of jurisdiction and preclusion and would unnecessarily risk a waste of private and public resources.

## C.

Plaintiff relies on *Bally v. National Collegiate Athletic Association,* 707 F.Supp. 57 (D.Mass.1988) and *Korb v. Raytheon Co.,* 707 F.Supp. 63 (D.Mass.1989), to support his contention that his complaint and amended complaint did not state a claim arising under

federal law. Those cases are inapposite, however, because they involved private actors. As noted above, the alleged right under federal law is conditioned on a showing of "state action." Thus, a person's claim that a private actor has violated that person's constitutional rights is not cognizable in a federal court under its original federal-question jurisdiction; the characterization of the right asserted against a private actor as one under the federal constitution is, as pointed out in *Bally,* metaphorical rather than literal. *Bally,* 707 F.Supp. at 60.

### D.

In summary, as long as a claim under 42 U.S.C. § 1983 remained in this civil action, a claim arising under federal law was before the court. For this reason, I conclude that the case removed to this court was a case within this court's jurisdiction. A settled body of precedent required this court to accept jurisdiction over the case.

See *Colorado River Water Conservation Dist. v. United States,* 424 U.S. 800, 817 [96 S.Ct. 1236, 1246, 47 L.Ed.2d 483] (1976) (referring to "the virtually unflagging obligation of the federal courts to exercise the jurisdiction given them").

See also *Guiney v. Roache,* 833 F.2d 1079 (1st Cir.1987) (directing district court to decide federal constitutional challenge filed originally in federal court where district court abstained because of possibility Massachusetts Declaration of Rights would be held by state courts to provide plaintiff more protection than federal constitution).

But see *Belair v. Lombardi,* 828 F.Supp. 50, 52 (M.D.Fla.), *order clarified by* 151 F.R.D. 698 (1993) (appearing to suggest that, where plaintiff alleges same violations of procedural and substantive due process rights under both the United States and Florida Constitutions, and thus has a choice of relying on state law for the relief which he seeks, removal is not proper, but denying motion for remand and instead deciding to abstain in deference to ongoing state proceedings).

See also *Wilton v. Seven Falls Co.,* —— U.S. —— [115 S.Ct. 2137, 132 L.Ed.2d 214] 63 USLW 4544 (No. 94–562, June 12, 1995) (allowing district courts somewhat greater discretion to stay or dismiss a declaratory judgment proceeding during the pendency of parallel state court proceeding).

I also conclude, however, that the stipulation quoted above, filed on June 21, 1995, substantially altered the case in ways material to issues regarding jurisdiction and remand. That stipulation, and the court's dismissal of all claims under 42 U.S.C. § 1983 by reason of the stipulation, left no matter pending before the court for decision other than state statutory and common law claims.

■ The Supreme Court has observed that there is no explicit statutory authority to remand pendent state-law claims following dismissal of all federal claims from a removed civil action, but the Court has held that a district court, in such circumstances, has discretion to make a decision to remand to state court after weighing, alongside interests in exercising jurisdiction, interests of economy, convenience, fairness, and comity. *Carnegie–Mellon Univ. v. Cohill,* 484 U.S. 343, 108 S.Ct. 614, 98 L.Ed.2d 720 (1988). *See also Ching,* 921 F.2d at 13 (not referring to *Cohill,* but, though affirming the district court decision to dismiss rather than remand, also stating that district court had discretion to remand state law claims under 28 U.S.C. § 1441(c) after plaintiff struck the federal claim).

In this case, among the factors bearing on the exercise of discretion with respect to remand is that trial of the state law claim under M.G.L. c. 12, § 11(I), as well as the common law tort claims, is very likely to involve application (at least in fashioning the verdict form and jury charge and perhaps in evidentiary rulings and on post-trial motions) of potentially disputable issues of state law with respect to such issues as privilege, qualified immunity, discretionary function, and exclusivity of remedy provisions of state law. *See, e.g., Horta v. Sullivan,* 418 Mass. 615, 638 N.E.2d 33 (1994) (interpreting state statute, M.G.L. c. 258, § 10(b), regarding discretionary function immunity against suit under state tort claims act). Concerns regarding comity weigh heavily in favor of having these issues presented to the state court of last

resort through state proceedings, rather than having federal courts predict their final resolution or certify questions to the state court. Even if this court could reach the case for trial before the state trial court, the final disposition might be delayed as long or longer than if the case is remanded.

Taking into account the factors described in *Cohill*, and after determining that the balance favors remand in this instance, I conclude that it would be inappropriate to retain jurisdiction over this case now. I will order that it be remanded to the state court where it was filed.

### IV.

■ Defendants have opposed the order I conclude I should make, contending that this court lacks even discretionary authority to remand because the claim under M.G.L. c. 12, § 11(I) raises, at least in part, a federal question. Defendants assert that because federal law is invoked (even though only as one element of the § 11(I) state law claim), this court must retain jurisdiction.

### A.

■ In considering whether a contention such as this has merit, a court may appropriately take account of the fact that two bases for federal question jurisdiction have been identified in precedents. First, "the vast majority of cases brought under the general federal-question jurisdiction of the federal courts are those in which federal law creates the cause of action." *Merrell Dow Pharmaceuticals, Inc. v. Thompson*, 478 U.S. 804, 808, 106 S.Ct. 3229, 3232, 92 L.Ed.2d 650 (1986). Second, federal-question jurisdiction is sometimes appropriate when federal law prescribes the standard for deciding whether some necessary element of a state law claim is satisfied.

It is the second basis that defendants are invoking in their contention that the allegation of violations of federal constitutional rights creates federal question jurisdiction. It is true that plaintiff's claim under M.G.L. c. 12, § 11(I), as it is stated in the amended complaint, contains as one of its elements proof of violations of the Fourth and Fourteenth Amendments of the United States

Constitution. The question is whether this is enough to support federal-question jurisdiction under *Merrell Dow* and *Franchise Tax Board v. Construction Laborers Vacation Trust*, 463 U.S. 1, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983).

A passage in the Court's opinion in *Franchise Tax Board* states that federal-question jurisdiction is appropriately exercised when "it appears that some *substantial*, disputed question of federal law is a *necessary element* of one of the well-pleaded state claims." *Franchise Tax Board*, 463 U.S. at 13, 103 S.Ct. at 2848 (emphasis added).

In *Franchise Tax Board*, the Court stated, also, that a case may arise under federal law "where the vindication of a right under state law necessarily turned on some construction of federal law." 463 U.S. at 9, 103 S.Ct. at 2846. Later, however, in *Merrell Dow*, the Court noted that the "actual holding in *Franchise Tax Board* demonstrates that this statement must be read with caution," *Merrell Dow*, 478 U.S. at 808–09, 106 S.Ct. at 3232, and added that "the mere presence of a federal issue in a state cause of action does not automatically confer federal-question jurisdiction," *id.* at 813, 106 S.Ct. at 3234.

In *Franchise Tax Board*, it was clear on the face of the well-pleaded complaint that plaintiff could not obtain the relief sought under state law without either a construction of a federal statute or an adjudication of its pre-emptive effect and constitutionality. 463 U.S. at 14, 103 S.Ct. at 2848–49. Even so, the necessity of answering one or more of these questions of federal law did not create federal question jurisdiction in the circumstances of that case. *Id.* at 28, 103 S.Ct. at 2856. The reasons that the § 11(I) claim in this case does not create federal-question jurisdiction are even stronger than were those in *Franchise Tax Board*.

Adjudication of the claim under M.G.L. c. 12, § 11(I) in this case does not *"necessarily* depend on resolution of a substantial question of federal law," as that phrase is used in *Franchise Tax Board*, 463 U.S. at 27–28, 103 S.Ct. at 2855–56 (emphasis added). It is extraordinarily unlikely that the Fourth and Fourteenth Amendments to the United

States Constitution (as they are interpreted by the Supreme Court) will be more protective of plaintiff's interests than the analogous Articles of the Massachusetts Declaration of Rights (as they are interpreted by the Supreme Judicial Court of Massachusetts). No suggestion to the contrary has been made by the parties to this case. Indeed, provisions of the Declaration of Rights afford plaintiff substantive rights that are at least as great in scope as the analogous provisions of the United States Constitution, and perhaps greater in scope. *See, e.g., Guiney v. Police Commissioner of Boston,* 411 Mass. 328, 582 N.E.2d 523 (1991) (interpreting Article XIV of Massachusetts Declaration of Rights to prohibit, as unreasonable search and seizure, conduct arguably not prohibited by the Fourth and Fourteenth Amendments).

### B.

Furthermore, to conclude that plaintiff in this case is still asserting a claim under 42 U.S.C. § 1983 over which this court has original jurisdiction, when plaintiff has surrendered any claim that he might have under 42 U.S.C. § 1983, would run afoul of the general principle, stated in *The Fair,* 228 U.S. at 25, 33 S.Ct. at 411–12, that a plaintiff, when faced with a choice of remedies, should be free to choose which remedy to pursue. Of course, this principle is subject to exceptions. The most notable exception is complete preemption by federal law of a state law remedy.

> *See, e.g., Caterpillar, Inc. v. Williams,* 482 U.S. 386 [107 S.Ct. 2425, 96 L.Ed.2d 318] (1987) (complete preemption in cases involving § 301 of Labor Management Relations Act);

> *Metropolitan Life Insurance Co. v. Taylor,* 481 U.S. 58 [107 S.Ct. 1542, 95 L.Ed.2d 55] (1987) (complete preemption in cases involving § 502 of Employee Retirement Income Security Act of 1974).

There is no suggestion by any party to this case, however, that Congress manifested an intent, when enacting 42 U.S.C. § 1983, to preempt state law causes of action, such as that created by M.G.L. c. 12, § 11(I), for violation of federal constitutional rights.

In this case, a federal statute, 42 U.S.C. § 1983, and a state statute, M.G.L. c. 12, § 11(I), provide separate remedies for a violation of a right secured by the United States Constitution. A key difference between the state and federal causes of action is that, under the state cause of action, a plaintiff must prove that his federal or state constitutional right was violated through "threats, intimidation, or coercion." *See supra* Part III.B. No such element must be proved in order to recover under 42 U.S.C. § 1983.

Plaintiff in this case has explicitly agreed to waive any claim under 42 U.S.C. § 1983 and not to seek to obtain in state court, on remand, a remedy that could be obtained under 42 U.S.C. § 1983 but not under M.G.L. c. 12, § 11(I). Plaintiff has expressly acknowledged that he may recover in state court for any violation of a federal constitutional right only if he also succeeds in proving, as required by M.G.L. c. 12, § 11(I), that he was deprived of that right through threats, intimidation, or coercion.

In these circumstances, I conclude that, in the exercise of discretion, it is inappropriate to reject plaintiff's choice to pursue exclusively a state law remedy that is only available on a showing of an essential element that is not an element of the federal law cause of action.

### C.

Finally, I take into account the Court's instruction that the jurisdictional inquiry in a case such as this is not mechanical, and must be guided by "prudence and restraint[,] ... with an eye to practicality and necessity." *Merrell Dow,* 478 U.S. at 810, 106 S.Ct. at 3233.

Considerations of prudence and restraint weigh in favor of a conclusion that this court should not treat the claim under M.G.L. c. 12, § 11(I) as if it could not escape being also a claim under 42 U.S.C. § 1983. State courts have concurrent jurisdiction over claims that can be brought under 42 U.S.C. § 1983. *See, e.g., Howlett ex rel. Howlett v. Rose,* 496 U.S. 356, 358, 110 S.Ct. 2430, 2433, 110 L.Ed.2d 332 (1990). For added reason they are competent to decide a state law claim only one element of which involves a

federal law issue. This understanding of the relationship between state and federal jurisdiction is reinforced by the longstanding recognition that state courts have jurisdiction to hear federal constitutional issues raised as defenses to state law criminal and civil actions, subject to review only by the Supreme Court of the United States.

## V.

Defendants contend that the proposed order in this case is inconsistent with the decision in *Therrien v. Hamilton*, 881 F.Supp. 76 (D.Mass.1995). I conclude that it is not.

In *Therrien*, plaintiff sued city officials for alleged violations of his right of free speech. Although the initial complaint asserted causes of action under federal statutes (42 U.S.C. § 1983 and 42 U.S.C. § 1985) and state statutes (M.G.L. c. 12, § 11(I), and M.G.L. c. 212, § 4), an amended complaint dropped references to the federal statutes and to M.G.L. c. 212, § 4. *Id.* at 78. In the amended complaint, the plaintiff relied on M.G.L. c. 12, § 11(I) for a claim that defendants had interfered with the exercise of rights "secured by the Constitution or laws of the United States or of rights secured by the constitution or laws of the commonwealth." *Id.* at 79. Following amendment of the complaint, defendants removed to federal court. Judge Ponsor, approving the recommendation of Magistrate Judge Neiman, concluded that removal was proper because at the "heart" of the allegations were federal constitutional issues that stated a claim under 42 U.S.C. § 1983 and because the First Amendment was a "necessary" element of the claim under M.G.L. c. 12, § 11(I), despite what was referred to as "artful pleading" by the plaintiff. *Id.* at 82–83.

The rationale of *Therrien*, however, does not apply here because, in the circumstances of this case, plaintiff has not merely filed pleadings that omit reference to 42 U.S.C. § 1983 but has taken the added step of explicitly waiving any right to recover under 42 U.S.C. § 1983. Plaintiff has voluntarily precluded himself from seeking recovery under 42 U.S.C. § 1983 and limited himself to seeking recovery under a state statute that, in one respect at least, is less favorable to plain-tiff because establishing the state law claim requires proof of the additional element of threats, intimidation, or coercion.

## VI.

Defendant Stanley Philbin has suggested that none of the claims against him, including the state law claims, should be remanded to state court because, he asserts, only this court has jurisdiction of those claims.

Mr. Philbin, a resident of Maine, though perhaps among the "John Doe" defendants of the original complaint, was first identified by name in the amended complaint that was filed in this court. He does not explain why his residence in Maine, however, will affect adversely either the subject matter jurisdiction or the personal jurisdiction of the state court over any of the claims against him that are being remanded by this order. To the extent that defendant Philbin is raising the possibility that the state court does not have personal jurisdiction over any claims against him because he is not a resident of Massachusetts, he suggests no basis, and this court is aware of none, for concluding that Massachusetts courts would not hold that the Massachusetts Long Arm Statute, M.G.L. c. 223A, § 3, places defendant Philbin within the personal jurisdiction of the Massachusetts courts. Indeed, this court's personal jurisdiction, as well as that of Massachusetts courts, is almost certainly dependent on applicability of the Massachusetts Long Arm Statute.

## VII.

For the reasons explained in Parts I–V, I conclude that this court does not have federal question jurisdiction over any aspect of the claim, now remaining in the case, made under M.G.L. c. 12, § 11(I), and that, in the discretion of the court, that claim may be remanded to the state court in which it was filed. Also, of course, it is appropriate to remand the state common law tort claims that remain in the case.

## ORDER

For the foregoing reasons, it is hereby ORDERED:

(a) Plaintiff's motion to accept plaintiff's "waiver of certain claims" and to remand all claims remaining in this civil action is allowed.

(b) The clerk is directed forthwith to enter on a separate document a Final Judgment as follows:

The plaintiff's "waiver of certain claims" having been filed and accepted by the court on June 21, 1995, this court (1) dismisses the claims before this court over which it has had jurisdiction by reason of 42 U.S.C. § 1983, (2) determines that all remaining claims in this civil action are state law claims, and (3) orders remand of all remaining claims in this civil action to the state court from which this case was removed.

(c) The Clerk of this court is directed to deliver forthwith, to the Clerk of the court to which the state law claims are remanded, a certified copy of the record in this case.

Final Judgment

For the reasons stated in the Memorandum and Order of this date, it is hereby ORDERED:

The plaintiff's "waiver of certain claims" having been filed and accepted by the court on June 21, 1995, this court (1) dismisses the claims before this court over which it has had jurisdiction by reason of 42 U.S.C. § 1983, (2) determines that all remaining claims in this civil action are state law claims, and (3) orders remand of all remaining claims in this civil action to the state court from which this case was removed.