Gary MAJESKE, Plaintiff,

v.

The BAY CITY BOARD OF EDUCATION, Defendant.

No. 00–CV–10485–BC.

United States District Court, E.D. Michigan, Northern Division.

Dec. 27, 2001.

---

David R. Skinner, Skinner Professional Law Corp., Bay City, MI, for Plaintiff.

Timothy R. Winship, Raymond M. Davis, Thrun, Maatsch, Lansing, MI, for Defendant.

## OPINION AND ORDER DENYING MOTION TO REMAND

LAWSON, District Judge.

This matter is presently before the Court on the motion by the plaintiff, Gary Majeske, to remand the case to the Bay County, Michigan Circuit Court where he originally filed the matter. The plaintiff claims that the defendant improvidently removed the case to this Court because there is no substantial federal question sufficient to invoke the jurisdiction of this Court, or in the alternative, the state law claims predominate over the federal claims. Because the Court finds that Count IV of the plaintiff's complaint states a federal cause of action over which this Court has original jurisdiction under 28 U.S.C. § 1331, and because 28 U.S.C. § 1441(c) does not allow remand of the entire case when a viable federal question claim is pleaded, the Court will deny the motion.

I.

The plaintiff originally filed this action in the Bay County, Michigan Circuit Court on December 5, 2000. The plaintiff is an administrative employee under contract

with Bay City Public Schools and a member of the Bay City Association of School Administrators (BCASA). BCASA represents administrative personnel employed as principals and assistant principals through a collective bargaining agreement (CBA) entered into with Bay City Public Schools. The plaintiff formerly held the administrative position of Assistant Principal of Western High School and was allegedly removed without explanation from that position. The plaintiff brought suit in state court alleging claims founded on breach of contract, declaratory judgment, wrongful termination, age discrimination, defamation and denial of due process rights secured by the Constitutions of Michigan and the United States.

Count IV of the complaint, entitled "Denial of Due Process," contains the following allegations:

36. Defendant is an incorporated subdivision of the government of the State of Michigan.

37. All rights secured by the Constitution of the United States and the Constitution of the State of Michigan are secured to the Plaintiff. (Collective Bargaining Agreement § 4.10)

38. Plaintiff is possessed of valuable personal rights arising from his longstanding relationship with Defendant, and under his Employment Agreement with Defendant. (Exhibit A).

39. Certain procedural safeguards, including the right to "final and binding" arbitration are available to Plaintiff pursuant to the Collective Bargaining Agreement, § 9.25.

. . . . .

41. Plaintiff's rights to due process under the Constitutions of the United States and the State of Michigan have been denied.

Compl. ¶¶ 36–39, 41.

On December 28, 2000, defendant filed a timely notice of removal pursuant to 28 U.S.C. § 1441(b) invoking this Court's subject matter jurisdiction under 28 U.S.C. § 1331. The defendant asserts that because of the allegations in Count IV of the complaint, the case is a "civil action arising under the Constitution of the United States," and plaintiff's other claims "derive from a common nucleus of operative fact." Notice of Removal at 2. In riposte, the plaintiff filed a motion to remand contending that plaintiff's claims are premised on contract theory, and that "no relief arising directly and solely under a federal right, as separate and distinct from any state claim, is sought." Mot. to Remand ¶ 8. The plaintiff argues that his due process claim was made purely in reference to the defendant's breach of his collective bargaining agreement, which itself guaranteed due process protections, raises no substantial question of federal interest, and is only an alternate theory of recovery. *Id.* ¶ 7. The plaintiff also argues that remand is justified because issues of state law predominate over any perceived federal claims in his complaint. *Id.* ¶ 9. The defendant responded that the plaintiff alleged a federal due process claim in his complaint, and that this claim in the plaintiff's "well-pleaded complaint" is sufficient for removal. The plaintiff filed a memorandum reply, and the Court entertained oral argument in open court on March 13, 2001.

## II.

### A.

The provisions of 28 U.S.C. § 1441 require that a defendant demonstrate that a district court would have original jurisdiction over a civil action in

order to invoke this Court's removal jurisdiction. *Long v. Bando Mfg. of America, Inc.,* 201 F.3d 754, 757 (6th Cir.2000). The party seeking removal bears the burden of demonstrating that the district court has original jurisdiction. *Id.; Conrad v. Robinson,* 871 F.2d 612, 614 (6th Cir.1989). "Because lack of jurisdiction would make any decree in the case void and the continuation of the litigation in federal court futile, the removal statute should be strictly construed and all doubts resolved in favor of remand." *Brown v. Francis,* 75 F.3d 860, 864–65 (3d Cir.1996). *See also Her Majesty the Queen in Right of the Province of Ontario v. City of Detroit,* 874 F.2d 332, 339 (6th Cir.1989).

The defendant's removal petition is based on 28 U.S.C. § 1441(b), which provides that "[a]ny civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties." District courts have original jurisdiction over "actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "[B]ecause the 'arising under' language of § 1441(b) is almost identical to the language of 28 U.S.C. § 1331, the scope of removal jurisdiction based on the existence of a federal question under § 1441(b) is considered to be identical to the scope of federal question jurisdiction under § 1331." *Long,* 201 F.3d at 757–58.

■ A claim falls within this Court's original jurisdiction under 28 U.S.C. § 1331 "only [in] those cases in which a well-pleaded Complaint establishes either that federal law creates the cause of action or that the plaintiffs right to relief necessarily depends on resolution of a substantial question of federal law." *Thornton v. Southwest Detroit Hosp.,* 895 F.2d 1131,

1133 (6th Cir.1990) (citing *Franchise Tax Bd. v. Constr. Laborers Vacation Trust,* 463 U.S. 1, 27–28, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983)). Under the "well-pleaded complaint" rule, federal jurisdiction is determined by the allegations on the face of the plaintiff's properly pleaded complaint. *Long,* 201 F.3d at 758. The plaintiff is the "master of his complaint," and the fact that a claim could be stated under federal law does not prevent him from stating it under state law only. *Alexander v. Electronic Data Sys. Corp.,* 13 F.3d 940, 943 (6th Cir.1994).

■ In this case, the plaintiff does not invoke any federal statutory authority to support his claims for relief. Although in some circumstances a cause of action can be brought against governmental agents for a violation of specific constitutional rights, *see Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics,* 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971), a *Bivens* claim, which seeks damages under a constitutional provision itself, cannot be brought against state or municipal entities. *See Thomas v. Shipka,* 818 F.2d 496, 501–03 (6th Cir.1987) *overruled on other grounds* 872 F.2d 772, 773 (6th Cir.1989).

■ However, lack of reference to a specific federal law in the complaint is not controlling. *See North American Phillips Corp. v. Emery Air Freight Corp.,* 579 F.2d 229, 233 (2d Cir.1978). "[It] is ... a court's responsibility, in considering either the propriety of removal or the propriety of remand, to look beyond the statutory citations in the pleadings to the nature of the claims as they appear on the face of the complaint at the time the petition for removal was filed." *Hood v. City of Boston,* 891 F.Supp. 51, 54 (D.Mass.1995). In *Hood,* the plaintiff pleaded violations of his rights under the Fourth and Fourteenth Amendments to the United States Consti-

tutions, but failed to state anywhere in his complaint that he was invoking 42 U.S.C. § 1983. *Id.* at 53–54. Looking at the nature of the claims presented by the complaint, the Court nevertheless found it reasonable to conclude that the complaint claimed a violation of federal rights, which necessarily must be presented under 42 U.S.C. § 1983. *Id.* at 54; *see also Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit,* 507 U.S. 163, 168, 113 S.Ct. 1160, 122 L.Ed.2d 517 (1993) (reaffirming that only notice pleading is required in actions under 42 U.S.C. § 1983). Although *Hood* eventually upheld the plaintiff's dismissal of his federal claims and remanded the case, it affirmed that original jurisdiction existed in the first instance.

■ In this case, the plaintiff argues that his due process claim is merely an alternative theory of recovery which, under *Christianson v. Colt Ind. Operating Corp.,* 486 U.S. 800, 809–10, 108 S.Ct. 2166, 100 L.Ed.2d 811 (1988), is insufficient to invoke this Court's jurisdiction. Although it is true that federal-question jurisdiction exists only in cases in which the complaint " 'establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law,' " *id.* at 808, 108 S.Ct. 2166 (quoting *Franchise Tax Board of California v. Construction Laborers Vacation Trust,* 463 U.S. 1, 27–28, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983)), the plaintiff misconstrues the import of *Christianson.* As the Court of Appeals noted in *Long,* federal question jurisdiction may arise where a well-pleaded complaint advances a claim framed in terms of state law, but which requires the resolution of a substantial federal question as necessary to the decision. *Long,* 201 F.3d at 759. However, where that state law claim is based on alternate

state-and federal-law theories, either of which would be sufficient to resolve the claim, there is no substantial federal question and no "arising under" jurisdiction. *Id.*

■ In this case, the plaintiff's Count IV is framed in terms of federal law. Although the plaintiff has presented alternate and independent theories of recovery, like the plaintiff in *Hood,* the plaintiff here raises his due process concerns as a separate claim. In his complaint, the breach of contract claim is pleaded in Count II. At oral argument on the motion, the plaintiff avowed an intention to state a separate claim of denial of due process under both the Michigan and United States Constitutions in Count IV. Under the well-pleaded complaint rule, the plaintiff has stated a claim "arising under" the laws of the United States within the meaning of 28 U.S.C. § 1331 and 1441(c).

**B.**

■ The manner in which the plaintiff has framed his remand motion, coupled with the language of 28 U.S.C. § 1441(c), suggests another issue which the Court is compelled to address. Before 1990, § 1441(c) stated:

Whenever a separate and independent claim or cause of action, which would be removable if sued upon alone, is joined with one or more otherwise nonremovable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters not otherwise within its original jurisdiction.

The Judicial Improvements Act of 1990 made two changes to 28 U.S.C. § 1441, which now reads:

Whenever a separate and independent claim or cause of action within the jurisdiction conferred by section 1331 of this

title is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters in which State law predominates. . . .

In the first change, the original language of "which would be removable if sued upon alone" was replaced with "within the jurisdiction conferred by Section 1331 of this title." Second, at the end of the section, "remand all matters not otherwise within its original jurisdiction" was replaced by the phrase "remand all matters in which State law predominates." The obvious effect of the first substitution was to restrict application of this section to cases involving federal questions only. The second change, however, is more subtle and has been more controversial.

 Initially, some district courts interpreted the amendment to the second phrase in § 1441(c), specifically as to the word "matters," as Congressional authorization to remand entire "cases," even those containing federal claims, provided that the state-law claims "predominated" over the federal claim or claims in each case. See, e.g., Martin v. Drummond Coal Co., Inc., 756 F.Supp. 524, 527 (N.D.Ala.1991) effectively overruled by In re City of Mobile, 75 F.3d 605, 607–08 (11th Cir.1996) (dismissing similar reasoning under 28 U.S.C. § 1367); Moore v. DeBiase, 766 F.Supp. 1311, 1319–21 (D.N.J.1991) overruled by Borough of West Mifflin v. Lancaster, 45 F.3d 780, 787 (3d Cir.1995); Moralez v. Meat Cutters Local 539, 778 F.Supp. 368, 370–71 (E.D.Mich.1991). The rationale undergirding these decisions can be synthesized into the following points. First, the commentary to the 1990 revisions in West's U.S.C.A., written by David D. Siegel, acknowledges the ambiguity of the word "matters," and posits that the term could be construed to refer to an entire case, rather than individual claims. See Moralez, 778 F.Supp. at 370–71. Second, the change in language is portrayed as "dramatic," and Congress is presumed to have a reason when it changes the language of a statute. See Martin, 756 F.Supp. at 525; Moore, 766 F.Supp. at 1320. Third, the Courts' interpretation supposedly implements Congress's "clear intent" to simplify and reduce the removal jurisdiction of the federal courts. See Martin, 756 F.Supp. at 525. Fourth, the Court's removal jurisdiction is to be narrowly and strictly construed. See Moralez, 778 F.Supp. at 371 n. 4 (citing Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 61 S.Ct. 868, 85 L.Ed. 1214 (1941)). Finally, the impracticability of maintaining the federal claims in federal court while sending state claims for trial in another forum counsels an interpretation of "matter" that keeps the case unified. See Martin, 756 F.Supp. at 527.

 Although the Court of Appeals for the Sixth Circuit has not addressed the issue, subsequent decisions by other federal appellate courts have rejected the reasoning of these district courts. See Borough of West Mifflin v. Lancaster, 45 F.3d 780, 787 (3d Cir.1995); Buchner v. F.D.I.C., 981 F.2d 816, 819–20 (5th Cir. 1993); Gaming Corp. of America v. Dorsey & Whitney, 88 F.3d 536, 542 (8th Cir.1996) ("A district court has no discretion to remand a claim that states a federal question."); Brockman v. Merabank, 40 F.3d 1013, 1017 (9th Cir.1994); cf. In re City of Mobile, 75 F.3d 605, 607–08 (11th Cir.1996) (rejecting similar rationale for remand of federal claims under 28 U.S.C. § 1367). There are several bases for the contrary interpretation. First, while the Siegel commentary points out a potential ambiguity in the statute, it provides absolutely no warrant for the interpretation

advocating the remand of a federal claim. Second, canons of statutory construction are meant to be guides to the ultimate determination of legislative intent; they are not to be used to compel an illogical or senseless result. *Cf. United States v. Locke,* 471 U.S. 84, 98, 105 S.Ct. 1785, 85 L.Ed.2d 64 (1985) (common-law conceptions helpful, but not controlling). Congress can change the language of a statute for any number of reasons, and the mere fact that language has been altered does not compel a court to conclude that the essential meaning has also changed. *See McElroy v. United States,* 455 U.S. 642, 650 n. 14, 102 S.Ct. 1332, 71 L.Ed.2d 522 (1982). Furthermore, the goal of simplifying and reducing removal jurisdiction is already aptly accomplished by the revision of the first phrase of § 1441(c), which limits its application to federal question cases. As for the final argument, although the *Martin* Court's personal distaste for compelling plaintiffs to pursue federal and state claims in different forums is sensible, it has nothing to do with Congress's intent in implementing its changes to a federal statute. The mere fact that *Congress* intended to simplify a statute does not invite every district judge to implement additional "improvements" obliquely suggested by the statutory text.

■ Other courts in this district have followed the lead of *Martin* and its progeny, *see, e.g., Moralez,* 778 F.Supp. at 370–71 (Zatkoff, J.); *McKinney v. City of Grosse Pointe Park,* 72 F.Supp.2d 788, 790 (E.D.Mich.1999) (Gadola, J.). This Court, however, finds the reasoning of the courts of appeals more persuasive. The authorization to remand "matters" more properly refers to the "otherwise non-removable claims" in which "state law predominates," rather than to the entire case, including federal-question claims. *See Kabealo v. Davis,* 829 F.Supp. 923, 926 (S.D.Ohio 1993). This conclusion is further compelled by the overriding principle, repeatedly emphasized by the Supreme Court, that in the absence of extraordinary circumstances, "[f]ederal courts have a virtually unflagging obligation to exercise the jurisdiction conferred upon them by the coordinate branches of government and duly invoked by litigants." *Colorado River Water Conservation Dist. v. United States,* 424 U.S. 800, 817, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976); *see also Deakins v. Monaghan,* 484 U.S. 193, 203, 108 S.Ct. 523, 98 L.Ed.2d 529 (1988); *Quackenbush v. Allstate Ins. Co.,* 517 U.S. 706, 716, 116 S.Ct. 1712, 135 L.Ed.2d 1 (1996). There is no precedent suggesting that the presumption of construing removal statutes narrowly can overrule this fundamental rule. If Congress actually had intended to change this bedrock principle, it is unlikely that it would have conferred discretionary authority upon district courts to curtail core Article III jurisdiction. *See generally Moore's Federal Practice* § 107.41[1][e], at 107–203 (Rev.2000) ("Federal question jurisdiction is not discretionary with the court.")

The argument, then, advanced by the plaintiff that remand is called for when state law claims predominate carries no leverage when it is used to pry loose from this Court an entire case in which a federal claim has been found. Although the Court has discretion to remand the state law claims only, *see* 28 U.S.C. § 1441(c), and to remand the entire case if the federal claim is dismissed, *see* 28 U.S.C. § 1367(c)(3), there is no discretionary authority to remand a case and decline federal jurisdiction over a federal-question-based claim merely because state law claims otherwise predominate.

### III.

The plaintiff's complaint contains a claim "arising under" the laws of the United

States, specifically 42 U.S.C. § 1983. By filing its removal petition, the defendant has properly invoked the subject-matter jurisdiction. The plaintiff does not contest the existence of this Court's supplemental jurisdiction over his state-law claims once a federal claim has been established.

Accordingly, it is **ORDERED** that the plaintiff's motion to remand [dkt # 6] is **DENIED**.