**Christopher WOOTEN, Plaintiff–Appellant,**

v.

**Julia R. BATES, Lucas County Prosecutor, Defendant–Appellee.**

No. 03–3896.

United States Court of Appeals, Sixth Circuit.

April 28, 2004.

Christopher Wooten, Marion, OH, pro se.

John A. Borell, Damian M.P. Rodgers, Maureen O'Leary Atkins, Office of the Prosecuting Attorney, Toledo, OH, for Defendant–Appellee.

Before: SUHRHEINRICH and GIBBONS, Circuit Judges; LAWSON, District Judge.*

### ORDER

Christopher Wooten appeals a district court decision dismissing his civil action

for a declaratory judgment. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Wooten filed his complaint for declaratory judgment in the Lucas County Court of Common Pleas seeking a ruling that his constitutional right to trial by jury, as enunciated by the United States Supreme Court in *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), was violated by the application of Ohio sentencing provisions to him in a state criminal case. Essentially, plaintiff challenged an Ohio statute that permitted a state trial court to sentence him to a sentence exceeding the shortest term otherwise authorized after the court found that plaintiff had served a prior prison term. *See* Ohio Rev.Code § 2929.14(B)(1). The two named defendants, Ohio Attorney General Betty Montgomery and Lucas County Prosecuting Attorney Julia Bates, filed a joint removal petition in the district court asserting federal question jurisdiction pursuant to 28 U.S.C. § 1331. Wooten filed an objection to the removal petition, and defendant Bates filed a memorandum in opposition to Wooten's objection. The district court overruled Wooten's objection and declined to remand the case to state court.

Thereafter, the district court granted Wooten's motion to dismiss the defendant Ohio Attorney General. Defendant Bates then moved to dismiss Wooten's complaint on the ground that she is not a proper party to the case, and Wooten filed a response in opposition. The district court granted defendant's motion to dismiss, but on the ground that a civil rights action

---

* The Honorable David M. Lawson, United States District Judge for the Eastern District   of Michigan, sitting by designation.

**16**

filed under 42 U.S.C. § 1983 is not an appropriate vehicle for Wooten to challenge a criminal sentence. Wooten filed a timely notice of appeal.

On appeal, Wooten essentially contends that the district court erred by construing his complaint as a civil rights complaint filed under 42 U.S.C. § 1983. It is not improper for a district court to construe a complaint alleging a constitutional violation by a state official as arising under 42 U.S.C. § 1983 even if that statute is not specifically cited in the pleading. *See Majeske v. Bay City Bd. of Educ.,* 177 F.Supp.2d 666, 670–71 (E.D.Mich.2001). However, in this case, Wooten specifically disavowed any intention of relying on § 1983 for relief, and he did not seek an award of damages. The district court's conclusion that plaintiff is precluded from challenging an allegedly unconstitutional sentence by a civil rights action filed under 42 U.S.C. § 1983 is correct, even when the relief sought is an injunction. *See Preiser v. Rodriguez,* 411 U.S. 475, 488–90, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973).

There is no other valid basis upon which the district court could have entertained the plaintiff's complaint. It would not have been appropriate for the court to view the complaint as seeking habeas corpus relief under 28 U.S.C. § 2254 since the plaintiff did not initiate the action in federal court. Although the plaintiff conceivably might have mounted a challenge to Ohio Rev.Code § 2929.15(B)(1) in a state proceeding styled as a complaint for post-conviction relief under Ohio Rev.Code § 2953.21(J), the federal district court was not a proper court to entertain such a claim. Accordingly, we affirm the district court's judgment of dismissal, which is entered without prejudice to the plaintiff's right to pursue any post-conviction procedures that may be available to him.

The district court's judgment is affirmed. *See* Rule 34(j)(2)(C), Rules of the Sixth Circuit.