Pedro J. VARELA–FERNANDEZ,
Petitioner,

v.

Norma BURGOS, Secretary of State of
the Commonwealth of Puerto
Rico, Respondent.

No. Civ. 98–1163(SEC).

United States District Court,
D. Puerto Rico.

July 30, 1998.

Pedro J. Varela–Fernández, Cayey, PR, for Petitioner.

Lynn M. Doble–Salicrup, Department of Justice, San Juan, PR, for Respondent.

**OPINION AND ORDER**

CASELLAS, District Judge.

Pending before the Court is respondent's Notice of Removal, filed February 19, 1998 (**Docket # 1**), seeking removal of the above-captioned action from the Superior Court of the Commonwealth of Puerto Rico, San Juan Part, to this Court. On March 3, 1998 petitioner Pedro J. Varela–Fernandez filed a request for summary remand, requesting that the Court remand this action to the Commonwealth Superior Court (**Docket # 3**). Respondent, Norma E. Burgos, Secretary of

State of the Commonwealth of Puerto Rico, filed an opposition to petitioner's request for summary remand **(Docket # 6)**. For the reasons stated below in this Opinion and Order, respondent's notice of removal **(Docket # 1)** is **DENIED** and plaintiff's request for summary remand **(Docket # 3)** is **GRANTED**. The above-captioned action shall be **REMANDED** to the Superior Court of the Commonwealth of Puerto Rico, San Juan Part, for all further proceedings, pursuant to 28 U.S.C. § 1447(c).

## Factual Background

Petitioner Pedro J. Varela–Fernandez originally filed this action before the Superior Court of the Commonwealth of Puerto Rico requesting a writ of mandamus to compel the Secretary of State ("the Secretary") to authenticate his birth certificate with the official seal of the Commonwealth of Puerto Rico. Varela–Fernandez based his petition on Article 58 of the Political Code of Puerto Rico, 3 L.P.R.A. § 53, which outlines the duties of the Secretary, as well as the recent decision of the Supreme Court of Puerto Rico in the case of *Ramirez de Ferrer v. Mari Bras*, CT–96–14, dated November 18, 1997, which recognized the existence of Puerto Rican citizenship under the Constitution of the Commonwealth of Puerto Rico.[1]

Respondent seeks to remove petitioner's action to this Court pursuant to the federal removal statute, 28 U.S.C. § 1441(b), claiming that petitioner's action is removable be-

cause the suit contains issues of federal law which are an essential element of plaintiff's cause of action, and thus should be deemed to arise under federal law.[2] Respondent states that the following questions, "all intrinsically federal in nature ... form the crux of plaintiff's complaint:"

> (i) whether a separate "Puerto Rican" nationality exists apart from the United States for international purposes; (ii) whether a document certifying the existence of said nationality is valid or legal in the United States; and (iii) whether the Commonwealth of Puerto Rico is empowered to grant its citizens an international right which no state of the union may grant its citizens.

**(Petitioner's Notice of Removal, Docket # 1, page 3)**. Respondent further claims that petitioner's claims "arise under" the United States Constitution's Territorial Clause, Art. IV, § 3, as well as Art. I, § 8, which provides that "Congress shall have Power ... [t]o establish an uniform Rule of Naturalization."

Petitioner avers that his request for a writ of mandamus does not "arise under" federal law. On the contrary, he states that his petition is grounded solely upon Puerto Rico law, upon Article 58 of the Political Code, and the Constitution of the Commonwealth of Puerto Rico, as it was interpreted by the Supreme Court of Puerto Rico in the *Ramirez* case.[3] He adds that, significantly,

---

1. In *Ramirez,* the Puerto Rico Supreme Court held that: "The current juridical basis of the Puerto Rican citizenship is the very Constitution of the Commonwealth of Puerto Rico. It is expressly recognized by our Constitution, and said citizenship constitutes an indispensable element of the autonomic regime that was established in our country in 1952 by the very will of the people of Puerto Rico. Its most fundamental origin, of course, lies in the indisputable fact that Puerto Ricans constitute a distinct people; that Puerto Rico is a country, formally organized as a polity, and hence, that the people that compose it are its citizens. As the United States Supreme Court correctly stated, 'citizens ... are the people who compose the community.'" *United States v. Cruikshank,* [92 U.S. 542 (1875)]. *Ramirez,* CT–96–14, *official translation,* at 32–33.

2. The right of removal to federal courts was originally designed to protect nonresidents from the local prejudices of state courts. *See* 14A

Charles A. Wright, Arthur R. Miller & Edward H. Cooper, *supra* § 3721. On the other hand, the Eleventh Amendment of the U.S. Constitution, U.S. CONST. amend. XI, prohibits suits in federal courts against state governments. It is therefore unusual for a state to waive its sovereign immunity from suit and request removal to the federal court.

3. "There is nothing inconsistent with federalism in the idea that states may create state citizens of their own so long as they do not try to confer on any person national citizenship, a power which is the exclusive province of Congress... The Fourteenth Amendment provides only that '[a]ll persons born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United States and of the State wherein they reside.' U.S. CONST. amend. XIV § 1. Thus, while states may not deprive any born or naturalized U.S. citizen of state citizenship, nowhere does the Fourteenth Amendment, or any

even if he had wanted to file this action in federal court he would have been precluded from doing so because he is not asserting any federally-protected rights that would grant this Court jurisdiction over his petition. Thus, petitioner claims that while some federal issues might arise in order for this case to be resolved, such issues will only arise by way of a defense to the claims posed by petitioner, which cannot provide the basis for removal jurisdiction.

### Applicable Law—Grounds for Removal

The removal statute, 28 U.S.C. § 1441, provides in pertinent part that "[a]ny civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties, or laws of the United States shall be removable without regard to the citizenship or residence of the parties." 28 U.S.C. § 1441(b). Under section 1441, "an action is removable to a federal court only if it might have been brought there originally." 14A Charles A. Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice and Procedure* § 3721, at 189 (1985), *quoted in Cervantez v. Bexar County Civil Service Commission,* 99 F.3d 730, 732–33 (5th Cir.1996). *See also Bally v. National Collegiate Athletic Association,* 707 F.Supp. 57, 58 (D.Mass.1988). Under 28 U.S.C. § 1447(c), a party opposing removal of the action may file a motion to remand, and a remand pursuant to section 1447(c) is "not reviewable on appeal or otherwise." 28 U.S.C. § 1447(d).

A party seeking to remove a case has the burden of proving that federal jurisdiction exists. *BIW Deceived v. Local S6,* 132 F.3d 824, 831 (1st Cir.1997). *See also Boyer v. Snap–On Tools Corp.,* 913 F.2d 108, 111 (3d Cir.1990), *cert. denied,* 498 U.S. 1085, 111 S.Ct. 959, 112 L.Ed.2d 1046 (1991); *Transport Auditing, Inc. v. Sea–Land Service, Inc.,* 897 F.Supp. 34, 35 (D.Puerto Rico, 1995). In addition, the removal statute should be strictly construed, and any doubts about the propriety of removal should be

resolved against the removal of an action. *Shamrock Oil & Gas Corp. v. Sheets,* 313 U.S. 100, 109–09, 61 S.Ct. 868, 85 L.Ed. 1214 (1941), *cited in University of Rhode Island v. A.W. Chesterton Company,* 2 F.3d 1200, 1202 (1st Cir.1993). *See also Her Majesty the Queen v. the City of Detroit,* 874 F.2d 332, 339 (6th Cir.1989); *Bally,* 707 F.Supp. at 58 ("[T]he trend of decisions is that removal statutes will be strictly construed and that doubts should be resolved against removal.")

As stated above, respondent claims that the above-captioned action is removable to federal court because it contains issues of federal law which are an essential element of petitioner's cause of action. Therefore, respondent argues, the suit should be deemed to arise under federal law pursuant to 28 U.S.C. § 1331. Respondent further avers that petitioner's claims necessarily involve the resolution of substantial questions of federal law and thus "implicitly involve a federal question." **(Docket # 6, Respondent's Opposition to Request for Summary Remand, page 3).**

The Supreme Court has stated that there is "no single, precise definition" of the phrase "arising under", adding that it "masks a welter of issues regarding the interrelation of federal and state authority and the proper management of the federal judicial system." *See Franchise Tax Board v. Construction Laborers Vacation Trust,* 463 U.S. 1, 8, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983), *quoted in Merrell Dow Pharmaceuticals Inc. v. Thompson,* 478 U.S. 804, 808, 106 S.Ct. 3229, 92 L.Ed.2d 650 (1986). In order to clarify the scope of the "arising under" concept, the Supreme Court has stated that "the vast majority of cases brought under the federal-question jurisdiction of the federal courts are those in which federal law creates the cause of action." *Merrell Dow,* 478 U.S. at 808, 106 S.Ct. 3229. It is in those rare cases where federal law does not create the cause of action, but there is nevertheless a federal issue in a state-created cause of action, that

other constitutional provision, prevent states from enfranchising, or conferring citizenship for local state purposes on persons not born or naturalized in the United States." Jamin B. Raskin, *Legal Aliens, Local Citizens: The Historical, Con-* stitutional and Theoretical Meanings of Alien Suffrage, 141 U. Pa. L.Rev. 1391, 1470, fn.38 (1993). *See also* Gerald L. Neuman, *"We are the People": Alien Suffrage in German and American Perspective,* 13 Mich. J. Int'l L. 259 (1992).

the inquiry into whether the claim arises under federal law is a more complex one.

However, while the determination of whether a cause of action "arises under" federal law for purposes of removal jurisdiction is often a complicated one, there are clear guideposts to which courts must look in order to determine whether an action is removable. First, "[i]t is long settled law that a cause of action arises under federal law only when the plaintiff's well-pleaded complaint raises issues of federal law." *Metropolitan Life Ins. Co. v. Taylor,* 481 U.S. 58, 63, 107 S.Ct. 1542, 95 L.Ed.2d 55 (1987). It is also well-established that plaintiff is the master of his own claim and can avoid removal of his action by solely relying on state law in pursuing his claims. *See Hunneman Real Estate Corp. v. Eastern Middlesex Association of Realtors, Inc.,* 860 F.Supp. 906, 909 (D.Mass.1994), *quoting Allstate Ins. Co. v. 65 Sec. Plan,* 879 F.2d 90, 93 (3d Cir.1989). *See also Nashoba Communications Limited Partnership No. 7 v. Town of Danvers,* 893 F.2d 435, 437 (1st Cir.1990), *quoting Taylor v. Anderson,* 234 U.S. 74, 75, 34 S.Ct. 724, 58 L.Ed. 1218 (1914) ("The presence of a federal question is determined 'from what necessarily appears in the plaintiff's statement of his own claim in the bill of declaration, unaided by anything alleged in anticipation of avoidance of defenses which it is thought the defendant may interpose.'") This is what the United States Supreme Court has labeled the "well-pleaded complaint" rule, and it is to plaintiff's complaint to which we must first turn to determine whether petitioner's claim arises under federal law and is thus removable. *See Franchise Tax Board,* 463 U.S. at 9–10, 103 S.Ct. 2841.

█ While the Court must look to plaintiff's well-pleaded complaint to determine whether or not the claim arises under federal law, "a plaintiff may not defeat removal by omitting to plead necessary federal questions in a complaint." *Id.* at 22, 103 S.Ct. 2841. This is a corollary of the well-pleaded complaint rule, the "artful pleading" doctrine, which applies "when a plaintiff either 'characterize[s] his necessarily federal cause of action solely in state law terms' or 'fails to make specific reference ... to a source of

federal law that is clearly applicable.'" *Patriot Cinemas, Inc. v. General Cinema Corp.,* 834 F.2d 208, 209 n. 1 (1st Cir.1987), *quoting* 14A Charles A. Wright, Arthur R. Miller & Edward H. Cooper, *supra* § 3722, at 243, 276. "The doctrine empowers courts to look beneath the face of the complaint to divine the underlying nature of a claim, to determine whether the plaintiff has sought to defeat removal by asserting a federal claim under state-law colors, and to act accordingly." *BIW,* 132 F.3d at 831. That said, however, the "artful pleading" doctrine is a narrow exception to the well-pleaded complaint rule, and so must be used cautiously. *See In Re "Agent Orange" Litigation,* 996 F.2d 1425, 1430 (2d Cir.1993) ("[B]ecause we respect plaintiff's choice between state and federal forums, this exception to the well-pleaded complaint is necessarily a narrow one.") *See also Hunneman,* 860 F.Supp. at 909; *Bally,* 707 F.Supp. at 58.

█ Under the well-pleaded complaint rule, federal removal jurisdiction may not be asserted because defendants may have a federal defense to a state-law cause of action. The Supreme Court has stated that "it is now settled law that a case may not be removed to federal court on the basis of a federal defense, including the defense of preemption, even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue." *Caterpillar, Inc. v. Williams,* 482 U.S. 386, 393, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987).

**Analysis**

As stated above, respondent claims that the pleadings in petitioner's Commonwealth cause of action "implicitly involve a federal question," adding that "[t]he request for a determination of a separate Puerto Rican nationality, beyond Commonwealth jurisdiction, and to be recognized on the basis of a specially sealed Puerto Rican birth certificate, is clearly a matter of federal law which involves the interpretation of the United States Constitution..." **(Docket # 6, Respondent's Opposition to Request for Summary Remand, page 3).**

In *Hernández–Agosto v. Romero–Barceló*, 748 F.2d 1 (1st Cir.1984), the First Circuit Court of Appeals faced a factually analogous situation. In that case, the First Circuit reversed the district court's decision to remove an action filed by the Senate of the Commonwealth of Puerto Rico in the Commonwealth Superior Court to enforce a subpoena issued for then-Governor Romero–Barceló to testify before a Senate committee. The Senate had based its claim under Puerto Rico law, Section 34–A of the Puerto Rico Political Code, codified at 2 L.P.R.A. § 154a. Defendant Romero–Barceló argued that removal was proper because the "Senate's court action involve[d] a federal issue, namely, whether enforcement of the subpoena would violate a federal requirement that Puerto Rico's Constitution provide a 'republican form of government.' " *Id.* at 2. Just like respondent in this case, defendant Romero–Barceló argued "that the federal argument [was] so important that it (or its denial) [was] an inextricable part of the plaintiff's affirmative case." *Id.* at 3.

In a strong and clear fashion, the First Circuit rejected defendant's argument in *Hernández–Agosto*, holding unequivocally that the federal issues, while maybe important and even essential to the ultimate resolution of the controversy between the parties, did not form part of plaintiff's case and the artful pleading doctrine thus did not apply. The Court stated that "the simple fact is that the federal issue would not appear in the case unless the defendant chose to assert it." *Id.*

It further went on to add:

Under these circumstances, to find the federal statutory issue inextricably part of plaintiff's cause of action (rather than a defense) would work something of a jurisdictional revolution. After all, local land condemnation cases or zoning cases often involve a potential federal Compensation Clause defense; public nuisance abatement actions may encompass federal Due Process issues; local subpoena cases may involve a host of federal statutory or constitutional objections. Congress constitutionally might have allowed removal of these and many other local cases involving

federal defenses, but it did not do so... If respondents are arguing that there is something special about Puerto Rico that makes such local cases 'federal' in nature, the authoritative response is that of Chief Judge Magruder to an analogous argument: "It simply can't be so."

*Id.* at 4, *quoting Figueroa v. People of Puerto Rico*, 232 F.2d 615, 620 (1st Cir.1956).

■ We take this opportunity to reiterate the First Circuit's statement in *Hernández–Agosto* regarding the proper role of federal courts as courts of limited jurisdiction: "[O]f overarching importance, far outlasting the tempests of the present controversies, is the importance of both Commonwealth and federal courts adhering to their proper jurisdiction." *Id.* at 4. We are also reminded of First Circuit Judge Frank M. Coffin's call regarding the relationship between federal and state courts to "get back to Hamilton's concept of ONE WHOLE" whereby "[t]he concept that we have a two-tier court system consisting of a first and second class must be eradicated." Frank M. Coffin, *On Appeal: Courts, Lawyering, and Judging* 319 (1994). We believe that the courts of the Commonwealth are fully capable of resolving any issues of federal law that may be raised by respondent in the resolution of this case, and over which they have concurrent jurisdiction with federal courts. After all, "[t]he supremacy clause of the Constitution, which authorizes pre-emption by Congress, is concerned with promoting the supremacy of federal law, not federal courts." *Cablevision of Boston Limited Partnership v. Flynn*, 710 F.Supp. 23, 26 (D.Mass.1989). Pursuant to the above, it is clear to the Court that this case should be remanded to the Superior Court.

**Conclusion**

We find that no matter how it is characterized, the fact remains that this case is essentially a typical state cause of action, namely, whether the Secretary of State is required to certify a public document in accordance with the laws of Puerto Rico, regardless of the purposes that petitioner may have for the utilization of the certified document. Therefore, in light of the above, and pursuant to 28 U.S.C. § 1447(c), we find that the above-

captioned action was improvidently removed from the Superior Court. We further find that we are without jurisdiction to entertain this action because petitioner's suit does not "arise under" federal law and is therefore not removable under 28 U.S.C. § 1441. Therefore, the above-captioned action is hereby **REMANDED** to the Superior Court of the Commonwealth of Puerto Rico, San Juan Part, for all further proceedings. Judgment shall be entered accordingly.

**SO ORDERED.**