**Leonardo Ramos HERNANDEZ, et al., Plaintiffs,**

v.

**STATE ELECTIONS COMMISSION, Commonwealth of Puerto Rico, Defendants.**

Civil No. 98–2281(SEC).

United States District Court, D. Puerto Rico.

Nov. 25, 1998.

Leonardo Ramos–Hernández, Barranquitas, PR, pro se.

Pedro A. Delgado–Hernández, O'Neill & Borges; Hato Rey, PR, Gustavo A. Gelpí–Abarca, Esq.; Department of Justice, Federal Litigation Div., San Juan, PR, for Defendants.

## OPINION AND ORDER

CASELLAS, District Judge.

Pending before the Court is the Commonwealth of Puerto Rico and the State Elections Commission's ("defendants") Notices of Removal, filed November 13, 1998 (**Dockets # 1, 3**), seeking removal of the above-captioned action from the Superior Court of the Commonwealth of Puerto Rico, San Juan Part, to this Court. On November 18, 1998, plaintiff Leonardo Ramos Hernández ("plaintiff")`filed a motion to remand (**Docket # 4**). On November 19, 1998, Judge Raymond L. Acosta recused himself from the case (**Docket # 5**) and it was assigned to the undersigned on November 23, 1998 (**Docket # 6**).

For the reasons stated below in this Opinion and Order, defendants' notice of removal (**Dockets # 1, 3**) is **DENIED** and plaintiff's motion to remand (Docket # 4) is **GRANTED**. The above-captioned action shall be **REMANDED** to the Superior Court of the Commonwealth of Puerto Rico, San Juan Part, for all further proceedings, pursuant to 28 U.S.C. § 1447(c).

### Procedural Background

Plaintiff, Leonardo Ramos Hernández, originally filed this action before the Superior Court of the Commonwealth of Puerto Rico, San Juan Part, seeking injunctive and declaratory relief against the implementation of Law No. 249, (hereinafter "the Act" or "Law No. 249"), which provides for the holding of a plebiscite on the political status of Puerto Rico on December 13, 1998.

On October 22, 1998 plaintiff filed a petition with the State Elections Commission (hereinafter "the Commission") requesting that the Commission establish a procedure for the allowance and accounting of petitions submitted on the ballot via the "write-in" process. Plaintiff sought to submit an additional definition for which he intends to vote, which is different from those four that cur-

rently appear on the ballot. Plaintiff argues that the fifth column on the ballot, which allows voters to vote for an option entitled "None of the Above" is inadequate for voters to cast an affirmative vote for an option not contained in Columns One through Four of the ballot. Plaintiff's petition for the establishment of a "write-in" procedure was denied by the Commission on October 31st, 1998.

In the complaint, plaintiff claims that if the remedy requested is not granted, namely, that a write-in procedure be established that allows for the accounting of a write-in vote, Law No. 249 should be declared unconstitutional as it would be violative of plaintiff's free speech and electoral freedom rights. Plaintiff also claims that the resolution of his claim raises a novel and complex issue under Puerto Rico constitutional law, as the right to a write-in vote has not been evaluated by the Puerto Rico Supreme Court. He does, however, cite caselaw from the Puerto Rico Supreme Court that he says bolsters his claims that this right should be recognized under the Constitution of the Commonwealth of Puerto Rico.

Plaintiffs asserted the jurisdiction of the Superior Court of the Commonwealth of Puerto Rico based on the Electoral Law of Puerto Rico, 16 L.P.R.A. § 3016a.[1]

### Applicable Law—Grounds for Removal

The removal statute, 28 U.S.C. § 1441, provides in pertinent part that "[a]ny civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties, or laws of the United States shall be removable without regard to the citizenship or residence of the parties." 28 U.S.C. § 1441(b). Under section 1441, "an action is removable to a federal court only if it might have been brought there originally." 14A Charles A. Wright, Arthur R. Miller & Edward H. Coo-

---

1. 16 L.P.R.A. § 3016a provides as follows: "Any party affected by a resolution, ruling, or order of the State Elections Commission may, within the ten (10) days following the notice thereof, appeal to the Superior Court by submitting a writ for review. The petitioner shall be responsible for notifying the State Elections Commission and any affected party by means of a copy of the writ

for review." It further provides: "The Superior Court shall hold a hearing on the merits, receive evidence, and make the corresponding determinations of fact and conclusions of law. The Court shall resolve and review within a term not to exceed twenty (20) days, counting from the date on which the petition was submitted."

per, *Federal Practice and Procedure* § 3721, at 189 (1985), *quoted in Cervantez v. Bexar County Civil Service Commission,* 99 F.3d 730, 732–33 (5th Cir.1996). *See also Bally v. National Collegiate Athletic Association,* 707 F.Supp. 57, 58 (D.Mass.1988). Under 28 U.S.C. § 1447(c), a party opposing removal of the action may file a motion to remand, and a remand pursuant to section 1447(c) is "not reviewable on appeal or otherwise." 28 U.S.C. § 1447(d).

■ A party seeking to remove a case has the burden of proving that federal jurisdiction exists. *BIW Deceived v. Local S6,* 132 F.3d 824, 831 (1st Cir.1997). *See also Boyer v. Snap–On Tools Corp.,* 913 F.2d 108, 111 (3d Cir.1990), *cert. denied,* 498 U.S. 1085, 111 S.Ct. 959, 112 L.Ed.2d 1046 (1991); *Transport Auditing, Inc. v. Sea–Land Service, Inc.* 897 F.Supp. 34, 35 (D.Puerto Rico, 1995). Furthermore, "the removal statute should be strictly construed, and any doubts about the propriety of removal should be resolved against the removal of an action." *Varela–Fernandez v. Burgos,* 15 F.Supp.2d 183, 185 (D.Puerto Rico, 1998), *citing Shamrock Oil & Gas Corp. v. Sheets,* 313 U.S. 100, 109, 61 S.Ct. 868, 85 L.Ed. 1214 (1941), *cited in University of Rhode Island v. A.W. Chesterton Company,* 2 F.3d 1200, 1202 (1st Cir. 1993).

The standard to determine whether removal is appropriate is well-established: "a cause of action arises under federal law only when the plaintiff's well-pleaded complaint raises issues of federal law." *Metropolitan Life Ins. Co. v. Taylor,* 481 U.S. 58, 63, 107 S.Ct. 1542, 95 L.Ed.2d 55 (1987). Furthermore, it is also long-settled law that a plaintiff is the master of his own claim and can avoid removal of an action by solely relying on state law in the remedies sought. *Nashoba Communications Limited Partnership No. 7 v. Town of Danvers,* 893 F.2d 435, 437 (1st Cir.1990) *quoting Taylor v. Anderson,* 234 U.S. 74, 75, 34 S.Ct. 724, 58 L.Ed. 1218 (1914) ("The presence of a federal question is determined 'from what necessarily appears in the plaintiff's statement of his own claim in the bill of declaration, unaided by anything alleged in anticipation of avoidance of defenses which is thought the defendant may interpose.' ").

In a recent pronouncement on the removal issue, the First Circuit Court of Appeals stated that "the [well-pleaded complaint] rule stipulates that, with a few exceptions, ... a case arises under federal law only if a federally cognizable cause of action appears within the four corners of the complaint." *PCS 2000 LP v. Romulus Telecommunications, Inc.,* 148 F.3d 32, 34 (1st Cir.1998). Precedent also clearly establishes that "[a] defense is not part of the plaintiff's properly pleaded statement of his or her claim." *Rivet v. Regions Bank of Louisiana,* 522 U.S. 470, 118 S.Ct. 921, 925, 139 L.Ed.2d 912 (1998). Therefore, "a case may not be removed to federal court on the basis of a federal defense, ... even if the defense is anticipated in the plaintiff's complaint, and even if both parties admit that the defense is the only question truly at issue in the case." *Franchise Tax Board of Cal. v. Construction Laborers Vacation Trust for Southern Cal.,* 463 U.S. 1, 14, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983).

■ There are two exceptions, however, to the well-pleaded complaint rule: the complete preemption doctrine and the "artful pleading" doctrine. The complete preemption doctrine establishes that although federal preemption is normally a defense that is insufficient to establish the presence of federal jurisdiction, "[o]nce an area of state law has been completely pre-empted, any claim purportedly based on that pre-empted state-law claim is considered, from its inception, a federal claim, and therefore arises under federal law." *Caterpillar, Inc. v. Williams,* 482 U.S. 386, 393, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987).

■ Likewise, "a plaintiff may not defeat removal by omitting to plead necessary federal questions in a complaint." *Franchise Tax Board,* 463 U.S. at 22, 103 S.Ct. 2841. This corollary of the well-pleaded complaint rule, the "artful pleading doctrine", applies "when a plaintiff either 'characterize[s] his necessarily federal cause of action solely in state law terms' or 'fails to make specific reference ... to a source of federal law that is clearly applicable.' " *Patriot Cinemas, Inc. v. General Cinema Corp.,* 834 F.2d 208,

209 n. 1 (1st Cir.1987), *quoting* 14A Charles A. Wright, Arthur R. Miller & Edward H. Cooper, *supra* § 3722, at 243, 276. "The doctrine empowers courts to look beneath the face of the complaint to divine the underlying nature of a claim, to determine whether the plaintiff has sought to defeat removal by asserting a federal claim under state-law colors, and to act accordingly." *BIW*, 132 F.3d at 831. "That said, however, the 'artful pleading' doctrine is a narrow exception to the well-pleaded complaint, and so must be used cautiously." *Varela–Fernandez*, 15 F.Supp.2d at 186. *See also In Re "Agent Orange" Litigation*, 996 F.2d 1425, 1430 (2d Cir.1993) ("[B]ecause we respect plaintiff's choice between state and federal forums, this exception to the well-pleaded complaint is necessarily à narrow one.")

## Analysis

In their notice of removal, defendants argue that "plaintiff's complaint raises such important concerns about the constitutionally possible legal relationship between two political entities—the United States and the Commonwealth [of] Puerto Rico." **(Docket # 11 at 6)**. They further argue that "[w]hether the SEB's denial of plaintiff's petition for a write in vote renders Law No. 249 unconstitutional necessarily depends on whether plaintiff's status formula is feasible under federal law." *(Id.)* Thus, they state that this is an outcome-determinative issue of federal law that establishes the basis for federal-question jurisdiction.

Plaintiff counters that whether the right to a write-in vote is contained in Article II, Section 2 of the Constitution of the Commonwealth of Puerto Rico does not depend upon any construction of federal law. **(Docket # 4, Motion to Remand)**. He further argues that the issue regarding whether the proposed write-in alternative is viable under federal law does not arise from the contents of the well-pleaded complaint and could only be raised by way of a defense on the part of the Commission. Regarding that, he avers that said defense would be frivolous because any proposed write-in alternative would be political speech not subject to prior restraint. Thus, plaintiff argues that any federal issue

that may arise would only come by way of defense to plaintiff's claims, and that ultimately, even if it is raised by defendants, it would be irrelevant to determining the merits of plaintiff's claims under the Constitution of the Commonwealth of Puerto Rico.

This case presents analogous legal issues to those dealt with by the First Circuit in its decision in *Hernandez–Agosto v. Romero–Barcelo*, 748 F.2d 1 (1st Cir.1984), where the Court rejected defendant's argument that removal of an action directed at enforcing a subpoena issued to then-Governor Carlos Romero–Barceló to appear before the Puerto Rico Senate was proper. Defendant had argued that, in spite of the fact that the Senate had based its claim against him under Section 34–A of the Puerto Rico Political Code, removal was proper because the "Senate's court action involve[d] a federal issue, namely, whether enforcement of the subpoena would violate a federal requirement that Puerto Rico's Constitution provide a 'republican form of government.'" *Id.* at 2. Just as defendants argue in the instant case, defendant Romero–Barceló asserted "that the federal argument [was] so important that it (or its denial) [was] an inextricable part of the plaintiff's affirmative case." *Id.* at 3.

Said argument was soundly rejected by the First Circuit, which held that any federal issues that may have to be resolved to determine the merits of plaintiff's claims would only come by way of defense and thus did not form part of plaintiff's affirmative case. The Court declined to apply the narrow "artful pleading" exception, stating that "the simple fact is that the federal issue would not appear in the case unless the defendant chose to assert it." *Id.* It likened what defendant sought to do, "to find the federal statutory issue inextricably part of plaintiff's cause of action (rather than a defense)", to "something of a jurisdictional revolution." *Id.* at 4. The Court went on to add that "[i]f respondents are arguing that there is something special about Puerto Rico that makes such local cases 'federal' in nature, the authoritative response is that of Chief Judge Magruder to an analogous argument 'It simply can't be so.'" *Id., quoting Figueroa v. People of Puerto Rico*, 232 F.2d 615, 620 (1st Cir.1956).

As we did in our recent holdings in *Varela–Fernandez, supra,* and *Hernandez–Lopez v. Commonwealth of Puerto Rico,* Civil No. 98–2157(SEC), slip. op., November 6, 1998, we forcefully reiterate the First Circuit's pronouncement in *Hernandez–Agosto* regarding the proper relationship between the federal courts and the courts of the Commonwealth of Puerto Rico, as well as the role of the federal courts as courts of limited jurisdiction: "[O]f overarching importance, far outlasting the tempests of the present controversies, is the importance of both Commonwealth and federal courts adhering to their proper jurisdiction." Id. at 4. To that end, we must also forcefully reiterate that "[w]e believe that the Courts of the Commonwealth are fully capable of resolving any issues of federal law that may be raised by [defendant] in the resolution of this case, and over which they have concurrent jurisdiction with federal courts." *Varela–Fernandez,* 15 F.Supp.2d at 187.

We hereby also heed First Circuit Judge Frank M. Coffin's call to "get back to Hamilton's concept of ONE WHOLE" whereby "[t]he concept that we have a two-tier court system consisting of a first and second class must be eradicated." Frank M. Coffin, *On Appeal: Courts, Lawyering, and Judging* 319 (1994). We must respect the jurisdictional bounds of each court system, and recognize their equal standing as arbiters of the law. It is thus both surprising and troubling that the Commonwealth of Puerto Rico has opted for a policy of removal of cases that are clearly within the jurisdiction of its local court system, and not the federal courts.[2]

■ We find that plaintiff's claims are clearly local in nature. Plaintiff's lawsuit stems from an adverse decision of the Puerto Rico State Elections Commission, and pursuant to that he filed a writ of revision in the forum that is prescribed by the Puerto Rico Electoral Law, the Superior Court of the Commonwealth of Puerto Rico.

Furthermore, the relief sought by plaintiff is based solely on a protection claimed pursuant to the Bill of Rights of the Commonwealth of Puerto Rico, not on the Constitution or the laws of the United States, which plaintiff has recognizes does not grant him the right to the relief he seeks, the establishment of a write-in procedure. Significantly, plaintiff's claims are both complex and novel, as the Supreme Court of the Commonwealth of Puerto Rico has not yet decided whether the right to a write-in vote is constitutionally guaranteed under the Commonwealth Constitution.

We note that it is firmly established that Puerto Rico is, "like a state, ... an autonomous political entity, 'sovereign over matters not ruled by the Constitution.' " *Rodriguez v. Popular Democratic Party,* 457 U.S. 1, 7, 102 S.Ct. 2194, 72 L.Ed.2d 628 (1982), *quoting Calero–Toledo v. Pearson Yacht Leasing Co.,* 416 U.S. 663, 673, 94 S.Ct. 2080, 40 L.Ed.2d 452 (1974). Also, the First Circuit has held that "the creation of the Commonwealth granted Puerto Rico authority over its own local affairs" and that the "Constitution of the Commonwealth is not another Organic Act of Congress." *United States v. Quinones,* 758 F.2d 40, 42–43 (1st Cir.1985), *quoting Figueroa v. People of Puerto Rico,* 232 F.2d 615, 620 (1st Cir.1956). The courts of the Commonwealth of Puerto Rico are clearly the proper forum to determine the scope of the protections contained in its own Constitution, subject only to review by the United States Supreme Court, and any decision to assume jurisdiction over this case would be in clear contravention of the established caselaw on removal and a direct attack on the sovereignty of states to interpret their own constitutions.

Finally, we find that there is absolutely no issue of federal law in this case that would warrant the exercise of federal jurisdiction, even if we were to unbearably stretch the scope of the "artful pleading" doctrine beyond any applicable precedent. We whole-

2. As we noted in our opinion in *Varela–Fernandez,* 15 F.Supp.2d at 184, fn. 2, "[t]he right of removal to federal courts was originally designed to protect nonresidents from the local prejudices of state courts. See 14A Charles A. Wright, Arthur R. Miller & Edward H. Cooper, *supra* § 3721. On the other hand, the eleventh Amendment of the U.S. Constitution ... prohibits suits in federal courts against state governments. It is therefore unusual for a state to waive its sovereign immunity from suit and request removal to the federal court."

heartedly agree with plaintiff that there is no federal issue in this case because the issue to be determined by the Commonwealth courts is whether or not the Constitution of the Commonwealth of Puerto Rico guarantees the right to a write-in vote, not whether plaintiff's proposed write-in alternative would be valid under federal law. At most, even if a determination of this allegedly federal issue were necessary for the resolution of plaintiff's claim, it would only arise by way of a defense, something which has been clearly established is insufficient to confer removal jurisdiction upon this Court. Thus, under no reading of plaintiff's complaint, even in the one most favorable to defendants' position regarding the existence of a federal issue, may this Court exercise jurisdiction over the instant case. The proper forum for the determination of plaintiffs' claims is the Superior Court of the Commonwealth of Puerto Rico, where this case was originally filed, and from where it was improvidently removed by defendants.

## Conclusion

We find that plaintiffs' claims are clearly purely local in nature and that they should be adjudicated by the courts of the Commonwealth of Puerto Rico. In light of the above discussion, and pursuant to 28 U.S.C. § 1447(c), we find that the above-captioned action was improvidently removed from the Superior Court of the Commonwealth of Puerto Rico, San Juan Part. We further find that we are without jurisdiction to entertain this action because plaintiffs' suit does not "arise under" federal law and is therefore not removable under 28 U.S.C. § 1441. The above-captioned action is thus hereby **RE-MANDED** to the Superior Court of the Commonwealth of Puerto Rico, San Juan Part, for all further proceedings. Judgment shall be entered accordingly.

**SO ORDERED.**